Sherman, Appellant, *v.* Boyer.

220

Argued September 26, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Robert B. Filson,* with him *W. P. Geary* and *Merle E. Wiser,* for appellants.

*Donald J. Dennison,* with him *Chester H. Byerly,* for appellee.

OPINION PER CURIAM, November 26, 1962:

Mrs. Charlotte D. Sherman, driver of an automobile, and her passenger Mrs. Loretta Anthony were injured in a collision with a car driven by Robert Boyer. Mrs. Sherman with her husband brought suit against Boyer and so did Mrs. Anthony with her husband. In his counterclaim against the Anthonys, Boyer added Charlotte Sherman as an additional defendant.

At the trial the jury returned verdicts in the sums of $5,789.25 for Joseph Anthony, $17,538 for Loretta Anthony, $6,161.02 for James D. Sherman and $27,358 for Charlotte D. Sherman. The jury also found in favor of Mrs. Sherman as additional defendant in the Anthony suit.

In the case of *Anthony v. Boyer,* the trial court ordered a remittitur of $5,000 of the verdict returned for Mrs. Anthony. The remittitur was accepted so that the Anthony case is not before us on appeal.

In the case of *Sherman v. Boyer,* the court ordered a new trial on the bases that additional evidence had been discovered and that Mrs. Sherman's verdict was excessive.

The accident occurred on August 26, 1958, the verdicts were rendered on December 15, 1959. Affidavits by a Mary Troup and a Gerald Schreckengast were filed on December 18, 1959. These affidavits assert that Mrs. Sherman was driving at an excessive rate of speed prior to the accident. The affidavits contain no explanation as to why these witnesses who lived in the vicinity of the accident did not testify at the trial. Nor is it apparent that the statements contained in the affidavits would materially affect the evidentiary probabilities as demonstrated at the original trial.

The injuries suffered by Mrs. Sherman were serious, severe, and in many respects permanent. We do not find that, considering the gravity of her injuries and the resulting disability still with her, that her verdict

shocks the conscience of the Court. The order for a new trial is, therefore, reversed.

In disposing of the case of *Anthony v. Boyer,* the trial court stated: "The rights of Robert Boyer against additional defendant Charlotte Sherman are to be determined in a new trial granted between those parties."

Since the negligence of Boyer was established at the trial already had, and by the verdicts rendered, Mrs. Sherman was absolved from any charge of contributory negligence, no purpose would be served in another trial to determine what has already been factually adjudicated. The action of the lower court in ordering a new trial as to *Boyer v. Sherman* is also reversed.

Mr. Justice EAGEN concurs in the result.

Mr. Chief Justice BELL and Mr. Justice BENJAMIN R. JONES dissent.