## Kralik *v.* Cromwell, Appellant.

614

Argued October 7, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*R. C. Wayman,* with him *Bernard J. McAuley,* and *Wayman, Irvin, Trushel & McAuley,* for appellant.

*Leonard A. Redlich,* with him *Robert Y. Cassol,* and *Redlich, Cassol, Redlich & Morocco,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 11, 1969:
In this trespass action arising out of an automobile collision, the jury returned a verdict for the defend-

ant. The court en banc below granted a new trial merely stating in its order "that the interests of justice require" it.[1]

The grant of a new trial lies within the inherent power of a trial court, and on appeal we will not interfere with the exercise thereof, unless there has been a clear abuse of discretion or an error of law which necessarily controlled the grant of the new trial. *Getz v. Balliet,* 431 Pa. 441, 246 A. 2d 108 (1968). Moreover, as we stated in *Clewell v. Pummer,* 388 Pa. 592, 598, 131 A. 2d 375, 378 (1957), and recently reaffirmed in *Getz v. Balliet,* supra, "Where a trial Judge or Court sees and hears the witnesses, it has not only an inherent fundamental and salutary power, but it is its duty, to grant a new trial when it believes the verdict was capricious or was against the weight of the evidence and resulted in a miscarriage of justice." However, it is error for the trial court to grant a new trial merely because it believes the jury should have returned a different verdict. *Eisert v. Jones,* 408 Pa. 73, 182 A. 2d 717 (1962). Also, a trial court should give its reasons for the grant of a new trial, and its statement of the mere conclusion that the interests of justice require it is not sufficient to sustain such an order. *Beal v. Reading Company,* 370 Pa. 45, 87 A. 2d 214 (1952), and *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857 (1951).

Since the learned court below failed to state sufficient reason for granting the new trial in the instant case, we are obliged to examine the entire record to determine whether any valid reason exists for disturbing the jury's verdict. *Beal v. Reading Company,* supra. We conclude that there is valid reason.

---

[1] At the time the jury returned its verdict, the trial judge told the jury, "The Court is shocked at the verdict in this case."

The pertinent trial evidence may be summarized as follows:

The plaintiff testified that he caused the automobile he was driving to come to a complete stop at an intersection because the traffic control light was red against traffic on the street upon which he was proceeding; that, while the temperature was below zero, the roadway was dry and free of ice; that, after he had been stopped for a "few seconds," an automobile, operated by the defendant, suddenly and without warning ran into the rear of his automobile with such force as to push it forward a few feet, cause substantial damage to both vehicles, and result in serious personal injury to the plaintiff.

The defendant testified that he was operating an automobile on the same street and in the same direction as the plaintiff; that the street was "downhill," the roadway was "a little bit icy" and "there were occasional spots of ice"; that there was nothing to obscure his vision of plaintiff's automobile, and he had observed that it was stopped at the intersection when he was at least six or seven car lengths or about 120 feet distant therefrom; that, when he first observed plaintiff's automobile, he was traveling at a speed of 15 to 20 miles an hour; that he started to apply his brakes but "didn't get much reaction" so his speed didn't lessen; and that, as he came close to plaintiff's automobile, he "jammed" on his brakes, but the front of his automobile ran into the rear of the plaintiff's automobile.

Assuming, arguendo, that the jury's verdict was not capricious or against the weight of the evidence, we still conclude that the award of a new trial was correct.

It cannot be questioned but that if defendant's automobile were under proper control, plaintiff's auto-

mobile was stopped at the intersection for a sufficient period of time to give the defendant adequate opportunity to see it and bring his vehicle to a stop without the occurrence of a collision under normal roadway conditions. In fact, if normal roadway conditions existed in the instant case, the defendant's action in permitting his automobile to run into the rear of plaintiff's automobile would constitute clear negligence. Cf. *Stark v. Fullerton Trucking Co.*, 318 Pa. 541, 179 A. 84 (1935); *Simrell v. Eschenbach*, 303 Pa. 156, 154 A. 369 (1931); *Cirquitella v. Callaghan*, 331 Pa. 465, 200 A. 588 (1938). But the defendant attempted to escape blame for the collision by asserting that the roadway was "a little bit icy" and contained "occasional spots of ice." We note that he did not say that the entire roadway was icy, or specifically state that his automobile skidded on ice existing on the roadway. But assuming that his testimony was sufficient, if believed, to exculpate him from blame, the charge of the court failed in material part to clearly define the responsibilities of proof of the parties at trial.

The trial judge instructed the jury in part: "Because a car skids doesn't necessarily mean that the driver of that car was negligent; . . ." "The plaintiff to establish negligence must prove that the defendant had mismanaged his car prior to the skidding . . . or that the . . . skidding was the result of his [defendant's] carelessness . . . ." Under the proof this was not correct.[2]

It is true that the plaintiff always has the burden in cases such as this to establish the existence of negligence on the part of the defendant and its causal connection with the loss suffered. However, plaintiff's testimony, supra, established a prima facie case clearly

---

[2] A specific exception was entered to this portion of the charge.

618

meeting this burden. Under the circumstances it was incumbent upon the defendant to come forward with credible evidence to exculpate himself from blame. Any explanation offered by him would be for the jury to consider, together with all of the other evidence, in resolving the question of negligence. Hence, since the burden rested with the defendant to produce exculpatory evidence, it was incorrect to instruct the jury that "to establish negligence [the plaintiff] *must prove* that the defendant had mismanaged his car prior to the skidding . . . or that the . . . skidding was the result of his carelessness . . . ." (Emphasis added.)

The instant situation is analogous to that where the evidence of the plaintiff establishes, without more, an automobile collision resulting from defendant's automobile being on the wrong side of the highway, and the defendant attempts to escape blame for the collision by showing that roadway conditions caused his automobile to "skid" out of control. In such a case, it is not the plaintiff's burden to prove that the skidding was due to the defendant's careless driving. See *Matkevich v. Robertson,* 403 Pa. 200, 169 A. 2d 91 (1961).

Order affirmed.