## Hilliard, Appellant, v. Anderson.

Argued October 1, 1970.  Before BELL, C. J., JONES, EAGEN, O'BRIEN and POMEROY, JJ.

*H. Ray Pope, Jr.,* for appellant.

*Chester H. Byerly,* for appellee.

OPINION BY MR. JUSTICE EAGEN, November 12, 1970:

In this personal injury action, the plaintiff, Albert E. Hilliard, was awarded a verdict by the jury against the original defendant, Kenneth O. Anderson,[1] in the amount of $13,808.50.  In disposing of a motion for a new trial filed by Anderson,[2] the court below directed that Hilliard file a remittitur in the sum of $4000 or suffer a new trial.  Hilliard refused to file a remittitur and instead filed this appeal.[3]  We reverse.

---

[1] The jury returned a verdict in favor of the additional defendant.

[2] The only assignment of error asserted in support of the motion (aside from the usual pro forma reasons) was that the verdict was excessive.

[3] As to the right to appeal from such an order, see *Corabi v. Curtis Publishing Company,* 437 Pa. 143, 262 A. 2d 665 (1970).

The action resulted from injuries suffered by Hilliard on August 2, 1968, when a motorcycle on which he was a passenger was hit by an automobile operated by Anderson, traveling in the opposite direction on a two-lane highway. It was undisputed that at the time of the collision the Anderson vehicle was attempting to pass another vehicle going in the same direction and was on the wrong side of the road. These additional facts were also uncontradicted at trial: (1) that in the accident Hilliard suffered a large laceration of his left leg and a comminuted fracture of the patella (knee cap) ; (2) that these injuries required surgery, and hospitalization for eleven days, and care and treatment by a physician for an extended period; (3) that as a result of the injuries, Hilliard incurred medical and hospital expenses in the amount of $808.05; (4) that Hilliard was totally disabled and unable to engage in his employment for a period of nearly six months or from August 2, 1968, to January 30, 1969, and sustained a loss of wages in the amount of $2472.80.[4] In addition to the foregoing, Hilliard's attending physician testified that as a result of the injuries Hilliard suffered severe pain for about a week and would continue to suffer pain in the area of the fractured knee cap for as long as he lived. He also stated that the injury caused a permanent partial disability in the knee action of about 20%. A physician called by Anderson did not dispute the permanent disability of the knee, but estimated it was about 13%.

In support of the order under appeal, the court below said the verdict was excessive and shocked the conscience of the court.

The grant of a new trial lies within the inherent power of a trial court, and on appeal we will not in-

---

[4] When Hilliard was physically able to return to his employment, his employer had hired another individual during his absence.

terfere with the exercise thereof, unless there has been a clear abuse of discretion or an error of law which necessarily controlled the grant of a new trial. *Getz v. Balliet,* 431 Pa. 441, 246 A. 2d 108 (1968). However, this does not mean that a trial court is free to grant a new trial merely because it believes the jury should have returned a different verdict. *Kralik v. Cromwell,* 435 Pa. 613, 258 A. 2d 654 (1969).

In past decisions in determining whether the trial court abused its discretion in awarding a new trial, we have given great weight to its statement that "the verdict shocked the conscience of the court." However, such a statement is merely a conclusion and differs only semantically from the statement that the "interests of justice" require a new trial. In *Beal v. Reading Co.,* 370 Pa. 45, 49, 87 A. 2d 214 (1952), we wisely ruled that the mere statement that " 'the interests of justice require a retrial' " is insufficient to sustain such an order, and that the court should go further and detail the reasons supporting its conclusion. See also, *Kralik v. Cromwell,* supra, and *Bellettiere v. Philadelphia,* 367 Pa. 638, 81 A. 2d 857 (1951). Logic dictates that the same course should be followed where the trial court attempts to justify a new trial order by stating "the verdict shocked the conscience of the court." The court should state the reasons for this conclusion in order that we may have the opportunity of intelligently determining if an abuse of discretion occurred. Cf. *Sherman v. Boyer,* 409 Pa. 219, 186 A. 2d 253 (1962).

From our examination of the record, we are persuaded that the pertinent trial evidence, which, we repeat, was uncontradicted amply warranted the amount of damages awarded Hilliard by the jury, and the trial court declared the verdict to be excessive without justification, and hence was guilty of a clear abuse of discretion.

Order reversed and record remanded with directions to enter judgment on the verdict.

Mr. Justice COHEN and Mr. Justice ROBERTS took no part in the consideration or decision of this case.