**Penjuke v. Rodgers**
**Jennings v. Rodgers**

*William D. March* and *J. B. Abrams*, for plaintiffs.
*Lutz, Fronefield, Labrum & Knapp*, for defendants.

GORBEY, J., December 18, 1970.—These two cases were consolidated for trial and were tried before a jury in November of 1969. A verdict was returned for defendants and against plaintiff driver and plaintiff passenger. Timely motions for a new trial were filed by both plaintiffs. Said motions are now before this court.

From the agreed facts, it appears that an automobile accident occurred on March 17, 1967, at about 10 p.m. The collision occurred on Steele Road in Haverford Township, Delaware County, Pa. This road runs generally east and west and passes through the Llanarch Country Club Golf Course. It is approximately 16 feet wide, it is flat and level and it accommodates two lanes for traffic, one in each direction. At the time of the accident, defendant, Robert Rodgers, 3rd, was operating an automobile in an easterly direction on said road, approaching the automobile being operated by plain-

tiff, Robert S. Penjuke, which was coming from the east. Plaintiff, Patricia Jennings, was a passenger in the Penjuke automobile. A collision took place between the automobiles in the westbound lane of traffic.

While there was a joinder of plaintiff, Robert S. Penjuke, as an additional defendant, the complaint against him was withdrawn during the course of the trial; and for all purposes, it can be assumed that contributory negligence did not exist in this case.

Plaintiffs argue a two-fold basis for a new trial. The first involves certain errors in the charge, and the second is that the jury verdict was capricious, against the weight of the evidence and resulted in a miscarriage of justice.

The first error in the charge concerns the question of the burden of proof. Specifically, plaintiff cites the court's explanation of section 1004 of The Vehicle Code, 75 PS §1004. After reading the section, the court stated:

"Now, in connection with this section, you should bear in mind that where it appears that a motorist permits his automobile to deflect from its course and to cross the highway into the wrong traffic lane an inference of negligence arises.

"Another issue in the case is the question of skidding. The skidding of a vehicle does not of itself establish or constitute negligence. The plaintiff must prove that the skidding resulted from the negligent act of the defendant. Otherwise, the defendant would be absolved from the consequences.

"The plaintiff to establish negligence must prove that the defendant had mismanaged his car prior to the skidding or that the defendant operated his car at an excessive rate of speed, or the defendant's skidding is the result of his carelessness.

"While skidding in itself is not negligence, it can be

and often is the result of negligence. If the defendant's lack of reasonable care caused the skid, he is liable even though it was skidding that carried him into the collision."

Plaintiff contends that the above charge erroneously kept the burden of proof on plaintiff instead of shifting it to defendant. The cases cited in support of plaintiff's proposition are: Kralik v. Cromwell, 435 Pa. 613, 258 A.2d 654 (1969), and Matkevitch v. Robertson, 403 Pa. 200, 169 A.2d 91 (1961).

In Kralik v. Cromwell, supra, plaintiff testified that he had brought his automobile to a stop at an intersection because of a red light against him. After being stopped for a few seconds, defendant's automobile, suddenly without warning, ran into the rear of his automobile with such force as to push him forward a few feet. At the time, plaintiff testified that the temperature was below zero although the roadway was dry and free of ice.

Defendant in Kralik v. Cromwell, supra, testified that the street was downhill and that the roadway was icy in spots. He further stated that there was nothing to obscure his vision and that he had observed plaintiff's car stopped when he was about six or seven car lengths, or about 120 feet behind him. He started to apply his brakes but did not get much reaction so his speed did not lessen, and although he finally jammed on his brakes, his automobile struck the rear of the defendant.

In the Matkevitch case, supra, the facts appear as follows:

"The collision occurred on a two-way improved public street, approximately 21 feet wide, which was straight and level. The weather was dry and cold. The roadway was dry, but icy in spots. The automobiles involved were traveling in opposite directions. Accord-

ing to plaintiff's testimony, the defendant's automobile crossed the center line, came over onto the wrong side of the road, traveled in a straight course for approximately 85 feet, and hit the plaintiff's automobile head-on. What caused it to cross over the center line, the plaintiff did not know. At the moment of impact, the plaintiff had pulled over on his own right side of the road as far as possible and was practically stopped. The testimony of Mattie Robertson was to the effect that the car she was driving skidded on a patch of ice which caused her to lose control of the vehicle, resulting in the car unintentionally veering over on the wrong side of the road."

Both of the cases cited by plaintiff are distinguishable from the case at bar. Plaintiffs, in their case, did not just prove that defendant's automobile came over to their side of the road. On at least four different occasions during the testimony, Robert Penjuke discusses defendant's car sliding and skidding across the road toward them and striking them. Having placed sliding and skidding in his case, plaintiff had the burden of showing that this occurred through the defendant's mismanagement of his car. In the Kralik case, supra, while the Supreme Court did hold a charge similar to the above to be in error, they said it was erroneous only under the proof of that case. As indicated above, plaintiff in Kralik, supra, did not prove any skidding or sliding or the like. That came in as part of the defense. Therefore, under the facts present, the charge was in error. In this case, as indicated, plaintiff has put skidding into the case and, therefore, the burden is on him to prove that it was caused by negligent operation on behalf of defendant.

The following language from the Matkevitch case, supra, is particularly pertinent:

"This is not the case of *Richardson v. Patterson*, 368

Pa. 495, 84 A.2d. 342 (1951), wherein the plaintiff's *own* evidence showed that the other car skidded and then came over on the wrong side of the road as a result of the skidding. As that case pointed out, skidding in itself does not constitute negligence, and if the plaintiff's testimony shows that the defendant's car skidded over on the wrong side of the road, then it is incumbent upon him to go further and show that the skidding was a result of negligent operation of the car. However, where, as here, the plaintiff is content to prove a collision as a result of the defendant's car being over on the wrong side of the road, the burden is upon the defendant to offer exculpatory proof."

Having placed the evidence in his own case, plaintiff, therefore, has the burden of showing mismanagement.

The second error in the charge alleged by plaintiffs concerns the charge on loss of memory following an accident. In this regard, plaintiffs did not question the law, but the propriety of the charge in this case. The defense in this case was that of sudden emergency. In order to be applicable, such an emergency must not have been caused by defendant's negligence. Further, assuming this to exist, once the emergency occurs, defendant must act reasonably and with due care during the emergency. During the course of the trial, defendant stated that he put his brakes on and started swerving to the right. Thereafter he does not remember anything. The above charge on loss of memory was read to the jury following the explanation of the sudden emergency doctrine. It had applicability in this case in that it is presumed that following the swerving to the right, defendant did all the law required him to do and was not negligent. The jury was instructed that this was a rebuttable presumption and could be overcome by testimony to the contrary.

Further, with regard to the objections now made to the charge of the court, it should be noted that no specific exceptions were taken at the time of trial, following the charge. After a request was made by the trial judge, counsel for both plaintiffs stated, "I have no additions or corrections."

As a matter of fact, in the Kralik case, supra, cited by plaintiffs in support of their contention, the section of the judge's charge concerning the burden of proof was specifically excepted to by plaintiff. It has always been the law that one cannot sit idly by and take his chances with the verdict and then complain thereafter about an error which could have been corrected at time of trial. In any event, as indicated above, the court is of the opinion that no errors were contained in the charge justifying the granting of a new trial.

The second contention of plaintiff is that the verdict was against the weight of the evidence, was capricious and resulted in a miscarriage of justice. With this, we cannot agree.

Defendant testified that while he was traveling down Steele Road, he approached a curve and saw the lights of another car coming toward him. He began applying his brakes to go around the curve. At this time, he skidded on the ice and the last thing he remembered was going over to the right of the road. On crossexamination, he testified that he could not say for sure that the ice covered the whole road, nor could he state categorically that it was ice which caused him to skid.

During defendant's case, a sergeant from the Haverford Township Police Department, who investigated the accident, stated that he approached the scene coming in the same direction as defendant. He noticed that the ice started 75 feet before the bend in the road and was of such extent that the police ve-

hicle could hardly enter the road. As a matter of fact, he indicated that it was so bad that he had a hard time walking once he got out of the car. Further, the police officer indicated that the scene of the accident was one of the rare icy spots in the entire township on that evening, because the bend in the road was completely overhung by trees.

Defendant, in offering his evidence, placed himself within the sudden.emergency rule. There is no indication that he created the emergency situation through any negligent conduct. This rule and its ramifications was so charged to the jury and, as a matter of fact, plaintiff's counsel presented to the court a point in this regard which was incorporated into the charge. From the above, there was sufficient evidence for the jury to conclude that defendant was the victim of a sudden emergency, in coming upon an extensive ice situation unique to this particular part of the road, due to the overhanging trees.

Therefore, it cannot be said that the verdict of the jury was capricious, against the weight of the evidence, or that it presented a miscarriage of justice. We, therefore, make the following:

## ORDER

And now, December 18, 1970, after argument in the above matter and upon consideration of briefs of counsel, it is hereby ordered and decreed:

1. That the motion for a new trial filed on behalf of plaintiffs, Martin Penjuke and Mary Penjuke, his wife, in their own right, and Robert S. Penjuke, a minor, by his parents and natural guardians, Martin Penjuke and Mary Penjuke, be and the same is hereby dismissed.

2. That the motion for a new trial filed on behalf

of plaintiff, Patricia Jennings, a minor, by her guardians, James Jennings and Elizabeth Jennings, and James Jennings and Elizabeth Jennings in their own right, be and the same is hereby dismissed.