## Suny v. First Pennsylvania Banking & Trust Company

*Sidney E. Herold,* for plaintiff.
*Miles H. Shore,* for defendant.

BOLGER, J., June 7, 1974.—Plaintiff brought this action against his bank to recover certain sums paid out of his checking account on six checks allegedly bearing forgeries of his signature. In such a suit, "Except to the extent that the relationships of the parties are embodied in an agreement, they are governed . . . by the Uniform Commercial Code. Act of April 6, 1953, P. L. 3, re-enacted by Act of October 2, 1959, P. L. 1023, 12A P.S. §§3-101 et seq., as amended . . . under the Code a bank breaches its agreement with a customer when it pays the holder of a forged check. It is this breach which constitutes the customer's cause of action against a bank to recover the sums paid out on checks bearing forged signatures", Hardex-Steubenville Corporation, Inc. v.

Western Pennsylvania National Bank, 446 Pa. 449-50 (1971).

However, a customer may be precluded from denying that his signature has been forged or asserting this fact against his bank if his own negligence has substantially contributed to the making of the forgery; he has ratified the forged signature; or he has breached a duty imposed upon him in section 4-406 of the code: Act of April 6, 1953, P. L. 3, re-enacted by Act of October 2, 1959, P. L. 1023, 12A PS §§3-401(1), 3-406, 4-406, as amended.

The bank raised all three of the defenses referred to in the preceding paragraph. The trial court, sitting without a jury, entered a general finding for plaintiff in the total sum of all six of the checks in question. The bank filed three exceptions. They were considered by the trial court, sitting alone, and were dismissed. The bank has taken an appeal to the Superior Court from the judgment which has been entered on the finding. The following is the memorandum opinion of the court sur the bank's exceptions.

Exception No. 1 attacks the finding on the ground that it is against the weight of the evidence. In passing upon this exception, it is not the function of this court to reweigh the evidence and sustain or dismiss the exception because it now considers a different finding more reasonable: Hilliard v. Anderson, 440 Pa. 625, 628 (1970). Rather, an exception such as this is to be sustained only if the finding for the plaintiff "is so contrary to the evidence as to shock one's sense of justice and . . . [an order sustaining the exception] is imperative so that right may be given another opportunity to prevail.": Burrell v. Philadelphia Electric Company, 438 Pa. 286, 289 (1970).

At the trial, the plaintiff produced four original checks and photostatic copies of two other checks. He

testified that all six of the said checks were drawn to the order of a C. Douglas Clark against a personal checking account maintained by plaintiff and his wife with the bank. They all purport to bear the signature of plaintiff. Plaintiff testified, unequivocally, that he never signed them nor did he authorize any person to prepare them or sign them. It is admitted by the bank that all six of the said checks, totalling $5,300.00, were presented to the bank and paid out of the account of plaintiff and his wife.

The bank denied that plaintiff's signatures on the six checks in question were forgeries. It contended that these checks were actually signed by plaintiff or by someone acting with the authority of plaintiff. No direct evidence was produced in support of these claims. No handwriting experts were produced to swear that the signatures on the said checks were those of plaintiff. Rather, the bank relied upon its crossexamination of plaintiff to destroy his credibility. The finding indicates that this crossexamination did not have its desired effect. Having read, once again, the notes of the plaintiff's trial deposition, this Court finds nothing therein which renders the finding shocking to its sense of justice. While plaintiff displayed some confusion in his memory regarding which checks were reported, as forgeries or missing, to the bank and at which time(s) they were reported, his testimony that the signatures were not his nor were they made by his authority was unequivocal and unshaken throughout. This testimony, coupled with the payments by the bank, made out a prima facie case for recovery by plaintiff: Hardex-Steubenville, infra. Therefore, having found nothing in the evidence which makes an order sustaining Exception No. 1 imperative so that right might be done, this court hereby dismisses this exception.

Exception No. 3 charges that the court erred in denying the defendant's legal defenses under sections 3-404 and 4-406 of the code. It must be assumed, therefore, that the bank has acquiesced in the finding insofar as it indicates that no negligence on the part of the plaintiff substantially contributed to the making of the forgeries in question: Pennsylvania Rule of Civil Procedure 1038(d); Act of April 6, 1953, P. L. 3, re-enacted by Act of October 2, 1959, P. L. 1023, 12A PS §3-406, as amended.

Breach of a duty imposed by section 4-406 of the code is an affirmative defense which a bank must raise in its pleadings and prove at trial. The bank, in the case at bar, plead the plaintiff's failure to examine the statement dated September 23, 1969 and its accompanying checks to discover any unauthorized signatures therein, as a defense in paragraph thirteen of its answer, under the heading of New Matter. The said statement and checks revealed two of the six forged checks upon which this suit has been brought. These were the first forgeries to be honored by the bank. The finding for the plaintiff indicates that the bank failed to convince the trial court, by a fair preponderance of the evidence, that the said statement and checks were actually mailed to the plaintiff or that the plaintiff failed to promptly and reasonably examine them to detect unauthorized signatures and report them to the bank: Act of April 6, 1953, P. L. 3, re-enacted by Act of October 2, 1959, P. L. 1023, 12A PS §4-406(1), as amended.

Since the bank has given no specific ground for exception No. 3, this court will treat it as a general challenge on the basis that the ruling against the bank on its affirmative defense under section 4-406 of the code was against the weight of the evidence, rather than dismissing it summarily. In considering this exception in this light, the court will apply the stan-

dards cited earlier in this opinion. Specifically, it will examine the evidence to determine whether this finding against the bank is so contrary to the evidence as to shock one's sense of justice and make an order sustaining this exception imperative in the interest of justice.

Plaintiff testified, unequivocally, that he never received the original statement, dated September 23, 1969, and the checks which accompanied it. Rather, he testified that he noted a delay in its arrival and called the bank's branch at Forty-fifth and Walnut Streets to check on it. He was told, by the manager of this branch, that photostatic copies of this statement and the checks would be sent out as soon as possible. However, the branch manager informed plaintiff that it would be quite some time before they were received by the latter. Plaintiff has sworn that he received these copies sometime late in the month of November 1969, but that he never received the original items. Meanwhile, in the first week of November 1969, plaintiff received an original statement, dated October 24, 1969, and its accompanying checks. These later items revealed four forgeries which had been honored by the bank.

The bank introduced two affidavits of loss which apparently were signed by plaintiff on November 3, 1969. These affidavits reported the four forgeries contained in the statement of October 24, 1969. The bank went on to produce the testimony of the lady to whom these affidavits were presented. It then brought to the witness stand a lady who was an assistant supervisor in the bank's Statement Mailing Department when the statement dated September 23, 1969 should have been mailed out. This second witness for the bank testified that the original of the statement dated September 23, 1969, and its accompanying checks, would not have been mailed to plaintiff because the

statement indicated that plaintiff's account had been overdrawn. She went on to say that the said statement and checks would have been returned to the bank's Bookkeeping Department. The bank's first witness took the stand, again, to say that her records did not reflect the return of the statement and checks in question to the Bookkeeping Department. She attempted to explain her colleague's damaging testimony on the ground that the Statement Mailing Department was run by hand, in 1969, and that, being only human beings, the girls in the Statement Mailing Department did miss a lot of overdrawn statements and mailed them out.

In view of the foregoing inconsistencies in the bank's own evidence, this court finds nothing shocking to its sense of justice in the finding against the bank upon its affirmative defense under section 4-406 of the code. It, therefore, dismisses Exception No. 3.

The bank's second exception calls for but brief consideration in this opinion. It imputes error to the trial court in the denial of the bank's request for specific findings of fact and conclusions of law. As counsel for the bank said in his brief in support of this exception, there is no requirement that the trial court make specific findings of fact and conclusions of law. Therefore, this exception is dismissed.