## Melcher *v.* Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, Appellant.

Argued April 16, 1957. Before JONES, C. J., BELL, CHIDSEY, MUSMANNO, ARNOLD, JONES and COHEN, JJ.

*Desmond J. McTighe*, with him *Lawrence A. Brown* and *Duffy, McTighe & McElhone*, for appellant.

*Cassin W. Craig*, with him *William W. Vogel* and *Wisler, Pearlstine, Talone & Gerber*, for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 27, 1957:

The Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Company, the defendant in this case, entered into a Workmen's Compensation insurance contract with the plaintiffs Thomas Q. Melcher and Dennis Q. Melcher, trading as Penn Lumber and Millworks. The policy contained a so-called Truckmen's Endorsement which is vital to the disposition of this lawsuit and will be referred to later.

On September 14, 1949, the Melchers leased to Winfield A. West a tractor-trailer, with an accompanying driver Charles Wall, under an agreement which provided that the Melchers would indemnify West against "(1) any loss resulting from the injury or death of such driver(s) and (2) any loss or damage resulting from the negligence, incompetence or dishonesty of such driver(s)." While this agreement was in effect, Wall was killed as the result of an accident, and his widow filed claim for workmen's compensation against both the Melchers and West. The Workmen's Compensation Referee decided that West was responsible for payment of the Workmen's Compensation because Wall, at the time of his death, was acting under West's specific direction and control. This decision was affirmed by the Superior Court. (171 Pa. Superior Ct. 512).

West's insurance carrier, the Employers Mutual Liability Insurance Company of Wisconsin, relying on the indemnity clause contained in the agreement between Melchers and West, brought action, as a subrogee of West, against Melchers for amounts paid to Wall's widow and children, and recovered. In this litigation, Melchers insurance carrier, Pennsylvania Threshermen, refused to defend Melchers on the ground that Threshermen had not contracted to indemnify Melchers for anything beyond straight workmen's compensation payable by Melchers to their own employees.

With this prologue, we come to the present lawsuit. Melchers entered suit against Threshermen for the amounts paid by them to Employers Mutual Liability, plus counsel fees and amounts expended in defending the Employers Mutual Liability suits.

Threshermen admitted the allegations in the plaintiffs' complaint but denied liability, asserting (1) that its policy covered only Workmen's Compensation claims, and that (2) the Courts had already decided

that West, and not the Melchers, was liable under the Workmen's Compensation law. The lower Court entered judgment for the Melchers on the pleadings. Threshermen appealed.

Threshermen contends that it was not bound to defend the suit of Employers Mutual Liability against Melchers because its policy with the Melchers covered "only one type of liability, viz. that imposed upon Penn [Melchers] as an employer under the Workmen's Compensation Act," and that, by its endorsement, "it only assumed Workmen's Compensation Liability imposed on Penn [Melchers] by operation of law." But Threshermen had already contracted for the usual workmen's compensation liability under the terms of the original policy. If its liability was to be limited to payment of workmen's compensation imposed by law, there would have been no need for the Truckmen's Endorsement under which Melchers paid additional premiums. What possibly could have been the need for the endorsement if the most that Melchers could obtain would be indemnification for workmen's compensation benefits? Threshermen seeks to answer this obvious question by saying: "If Penn [Melchers] wanted some of its lumber hauled from its plant in Pennsburg and leased a truck and driver from West and such driver was under the direction, supervision and control of Penn [Melchers], any injury to that driver would be compensable by Penn [Melchers] and Threshermen under the above endorsement."

But in such a situation, Melchers would clearly be liable under the Workmen's Compensation Act for compensation to the injured employee in the same way that West was held liable to Wall's dependents. In such a state of affairs the original terms of the policy would afford Melchers protection, and there would have been no need for the additional protection specified in the Truckman's Endorsement.

Threshermen argues further that to hold it liable under the Truckman's Endorsement is to read out of the endorsement the phrase: "employees of this insured employer" and that it apparently makes no difference whether the employee is 'of this insured employer'." But here Threshermen overlooks the fact that Wall was still an employee of Melchers—he was under Melchers' directions as to where and for whom he was to work, and his salary was fixed by Melchers. The fact that for the purpose of determining liability for workmen's compensation Wall was adjudicated West's employee at the time of his death does not declare that Wall was not also an employee of Melchers at the time. In fact, the Superior Court stated in affirming West's liability that: "It may well be that the deceased was generally employed by Penn, but at the time of the fatal accident was particularly or specifically employed by West. 'It is a well recognized rule that, where one may be in the general employ of another, yet he may, with respect to particular work, be transferred to the service of a third person, in such a way that he becomes, for the time being, the servant of that person with all the legal consequences of that relation:' Robson v. Martin, 291 Pa. 426, 430, 431, 140 A. 339."

Threshermen seeks to make the Superior Court decision res judicata of the present litigation, but in this he fails. As stated in *Cameron v. Aleppo Twp.*, 338 Pa. 300, 304: "To constitute res adjudicata there must be: (1) Identity in the thing sued for; (2) identity of the cause of action; (3) identity of persons and parties to the action; (4) identity of the quality in the persons for or against whom the claim is made".

From these announced criteria it is obvious that the rule of res judicata is entirely irrelevant here. The issue before us is whether Threshermen, by virtue of the Truckmen's Endorsement, is under a contractual liability to Melchers over and beyond liability which

attaches under the Workmen's Compensation Act. We hold that it is liable under the endorsement. Otherwise the endorsement would be meaningless, since Threshermen was already responsible, by the terms of the original policy, for identification of Workmen's Compensation payments. By executing the endorsement and accepting additional payments Threshermen must have intended to assume a liability other than the one patent in the original policy. The clear wording of the language in the endorsement, and the application of logic and fair dealing all lead to that inevitable conclusion.

The endorsement states that Threshermen "agrees to assume liability under the Pennsylvania Workmen's Compensation Act . . . because of bodily injuries including death resulting therefrom, to employees of this insured employer whether . . . they are under the direction and supervision of other persons because of a contract entered into between this insured employer and such persons . . ." The appellant would want to underscore the phrase "under the Pennsylvania Workmen's Compensation Act," but the emphasis, as was decided by the lower Court, should be on "agrees to assume" which would mean that Threshermen was taking upon itself something other than what it had already agreed to do in the original policy. In drafting the endorsement and making use of the words "supervision" and "direction and control," Threshermen must have had in mind the state of the Workmen's Compensation Law. As the plaintiffs have pointed out, the language of the endorsement parallels pronouncements of this Court and the Superior Court where the terms "supervision and direction" and "direction and control" have been used in defining the liability of two employers of one employee: *McGrath v. Edward G. Budd Manufacturing Co.*, 348 Pa. 619; *Hoffman v. Montgomery County*, 146 Pa. Superior Ct. 399.

Threshermen must be charged with knowing that the employer liable under the Workmen's Compensation Law is the one who has the right to direct, control, and supervise the employee with respect to the work being done at the time of his injury. Therefore, in consideration of additional payments, Threshermen was willing to cover Melchers in situations where they would not be liable under Workmen's Compensation Law.

Accordingly, in view of the clear wording of the endorsement and for the reasons here given, the judgment is hereby

Affirmed.