443 A.2d 849

**Anita T. CROSBIE**

**v.**

**WESTINGHOUSE ELEVATOR COMPANY and United Elevator Company.**

**Appeal of UNITED ELEVATOR COMPANY.**

**Anita T. CROSBIE**

**v.**

**WESTINGHOUSE ELEVATOR COMPANY and United Elevator Company.**

**Appeal of WESTINGHOUSE ELEVATOR COMPANY.**

Superior Court of Pennsylvania.

Argued Oct. 21, 1981.

Filed March 26, 1982.

Petition for Allowance of Appeal Denied July 2, 1982.

Richard A. Kraemer, Philadelphia, for appellant (at No. 165) and for appellee (at No. 276).

William C. McGovern, Philadelphia, for appellant (at No. 276) and for appellee (at No. 165).

Before BECK, WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court erred in granting appellee a new trial limited to damages. We agree and, accordingly, reverse the order of the lower court and reinstate the jury verdict.

Appellee brought this action against the manufacturer and the servicing company of an elevator, alleging that she had been injured when the elevator plummeted two floors and abruptly stopped, hurling her to its floor. Following a lengthy trial, the jury returned a $17,500 verdict against both appellants. Appellee filed post-trial motions alleging, *inter alia*, that the jury award was inadequate and that the lower court had prejudicially charged the jury. The lower court agreed and granted appellee a new trial on damages only. This appeal followed.

Appellants contend that the lower court erred in granting a new trial because appellee had waived her objection to the court's purportedly improper remarks. Appellee contends, however, that she indeed had preserved her objection. We disagree. At the close of its charge, the lower court stated:

You've had an opportunity to see [appellee]. You've seen her walking around the room here. You've seen her sitting here. And I'm sure that you'll have the opportunity to consider all of these factors in your determination and your verdict.

(N.T. Vol. V. at 681–82.) After the jury retired to deliberate, the following colloquy occurred:

[Appellee's counsel]: Your Honor, may I have an exception to your last portion of your charge?

The Court: All right, you may have an exception.

[Appellee's counsel]: I'm talking as to the failure to call the witness—

The Court: You may have an exception.

(*Id.* at 682–83.) "A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of." Pa.R.A.P. 302(b). Thus, a specific exception must be lodged to preserve an objectionable charge for post-trial motions, *Tagnani v. Lew*, 493 Pa. 371, 426 A.2d 595 (1981), as well as for appellate review, *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). Appellee's general exception "to [the] last portion of [the] charge" is insufficient to preserve *any* objection to the jury charge. Pa.R.A.P. 302(b). Counsel specified, however, that he was "talking as to the failure to call the witness—." In context, it is clear that counsel was referring to the court's refusal to instruct that appellants' failure to call certain medical witnesses would permit the jury to infer that their testimony would have been detrimental to appellants—a claim forsaken on this appeal. Appellee at no time specifically objected to the remarks complained of here, and thus waived her objections.* The lower court's grant of a new trial will not be disturbed on appeal "unless there has been a clear abuse of discretion or an error of law which necessarily controlled the grant of the new trial." *Kralik v. Cromwell*, 435 Pa. 613, 615, 258 A.2d 654, 656 (1969). *Accord, Gilligan v. Shaw*, 441 Pa. 305, 309, 272 A.2d 462, 464 (1971); *Hilliard v. Anderson*, 440 Pa. 625, 627–28, 271 A.2d 227, 228 (1970); *Carl v. Kurtz*, 255 Pa.Superior Ct. 198, 201, 386 A.2d 577, 578 (1978). In granting a new trial for an alleged error that had been waived, the lower court committed "an error of law which necessarily controlled the grant of the new trial." *Kralik v. Cromwell, supra*, 435 Pa. at 615, 258 A.2d at 656. Accordingly, we find that the lower court erred in granting appellee a new trial on the basis of its concluding remarks to the jury.

* Appellee's contention that counsel was prevented from objecting further is without merit. After having been granted a general exception by the lower court, counsel properly persisted in taking a specific exception. It is clear from the record, however, that had counsel intended to object specifically to the allegedly prejudicial comments, he certainly could have done so.

Although the lower court also found the verdict inadequate, it failed to explain that ruling in its opinion. A trial court should give more than conclusory statements to justify granting a new trial. *Kralik v. Cromwell, supra,* 435 Pa. at 615, 258 A.2d at 656. When the lower court fails to state sufficient reasons for granting a new trial, "we are obliged to examine the entire record to determine whether any valid reason exists for disturbing the jury's verdict." *Id. See also Gilligan v. Shaw, supra.* "Where the verdict is, as here, substantial, a new trial 'for inadequacy' should be granted only when the trial court is convinced the verdict is so unreasonably low as to present a clear case of injustice." *Karcesky v. Laria,* 382 Pa. 227, 235, 114 A.2d 150, 154 (1955). Appellee's medical expenses were less than $2,000. Moreover, there was contradictory evidence on the extent of her injuries and her ability to return to work. Under these circumstances, we cannot find the verdict so unreasonably low as to justify the lower court's repudiation.

Because the lower court erred in granting a new trial on an issue that had been waived, and the verdict is not unreasonably low, we reverse and direct that judgment be entered upon the jury verdict.

So ordered.