498 A.2d 445

**Ruth WOOLARD and Jerry Woolard**

v.

**Furman BURTON.**

**Appeal of Allen FEINGOLD.**

Superior Court of Pennsylvania.

Argued June 18, 1985.

Filed Sept. 6, 1985.

Allen L. Feingold, Philadelphia, for appellant.

B. Fincourt Shelton, Philadelphia, for appellee.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County directing the appellant, Allen L. Feingold, Esquire, to withdraw his appearance as counsel for Ruth and Jerry Woolard in the case of *Woolard v. Burton,* docketed at Court of Common Pleas, October Term, 1982, No. 4269. The order appealed also required that Feingold be paid a referral fee totalling no more than one-third (⅓) of any amount recovered in the *Woolard v. Burton* case, plus reimbursement for costs. We reverse.

The record reveals that on or about November 17, 1980, Jerry Woolard was involved in a vehicular accident with one Furman Burton in the City of Philadelphia.

Mr. Woolard retained the services of Attorney Feingold on a 50% contingency fee basis plus costs. A complaint in trespass was filed on October 27, 1982 on behalf of Jerry and Ruth Woolard demanding judgment in excess of $40,-000.

The case produced a procession of interrogatories, requests for the production of records and motions for sanctions by each side for the opposing parties' alleged failure to act timely in supplying the requested information. This exchange lasted for one year before counsel for Burton filed a praecipe demanding a trial by jury.

The turn-about in the case came on November 16, 1983. This is the date that Fincourt B. Shelton, Esquire entered his appearance on behalf of the Woolards in their lawsuit against Burton.

It appears that by letter dated August 1, 1983, Attorney Shelton wrote to Attorney Feingold to inform him that the Woolards had retained his office "regarding all of their legal matters." He also wrote:

> I am requesting that you enter your Withdraw of Appearance for *Woolard v. Maloney,* Court of Common Pleas of Delaware County, Civil Action Number 83–906. Also

please enter your Withdraw of Appearance for *Woolard v. Burton,* Court of Common Pleas of Philadelphia County, October Term, 1982, Number 4269.

Thereafter, on February 17, 1984, Attorney Shelton filed a "Petition To Withdraw Appearance" of Attorney Feingold in the Court of Common Pleas of Philadelphia County. Therein it was represented that the Woolards "verbally dismiss[ed]" Attorney Feingold from their case on or about July 25, 1983, and also requested the return of their file. Neither came to pass despite the petitioners' "agree[ment] to pay Mr. Feingold any costs which he may have incurred in this matter." (Paragraphs 5 & 9)

On February 22, 1984 a rule was issued upon Attorney Feingold, made returnable March 27, to show cause why he should not enter his withdrawal of appearance on behalf of the Woolards.

Of relevancy here is the fact that attached to the Woolards' petition is a copy of a similar rule to show cause issued by the Court of Common Pleas of Delaware County on October 31, 1983, with regard to the case captioned Ruth & Jerry Woolard v. Martin D. Maloney, Civil Action 83–906.

The Delaware case arose out of Ruth Woolard's involvement in two automobile accidents. She, like her husband, hired Attorney Feingold to handle the matter. However, relations between the Woolards and Attorney Feingold became strained. For example, each of the Woolards lodged formal complaints with the Disciplinary Board attributing Feingold with unprofessional behavior. Also, each alleged that they had dismissed Feingold as their attorney and were denied the return of their files unless a purported fee of $12,000 and $11,000 was paid by Jerry and Ruth Woolard, respectively, for services rendered.

Although there is no formal record of the manner in which the Delaware petition to withdraw counsel was disposed of, Attorney Feingold has attached to his brief to us a copy of the proceedings conducted before the Honorable Rita E. Prescott, A.J., of the Court of Common Pleas of Delaware County on November 28, 1983.

The Woolards, as in the Philadelphia case, had retained Attorney Shelton to pursue their legal rights in Delaware County.

During the course of the November 28th hearing, Judge Prescott pointed out that the matter at issue related to the petition to have Feingold withdraw his appearance as counsel for the Woolards in the Delaware case. Also, Feingold's request for a draft in settlement of the Delaware suit of 50% plus costs be distributed to him was duly noted.

Judge Prescott, before announcing her decision, stated that a settlement had been reached that "seem[ed] reasonable and which both counsel ha[d] indicated [was] acceptable." (Feingold's Brief at 28)

After listing the monetary terms of the Delaware matter, Judge Prescott observed that Feingold would relinquish his interest and withdraw his appearance in "any other case" involving the Woolards. Further, as a condition of the settlement, Judge Prescott made mention of the then pending Philadelphia suit. In particular, the Judge stated that Attorney Shelton agreed to pay Feingold a referral fee of one-third of any recovery secured on behalf of the Woolards and, in addition, to reimburse Feingold for his costs in that case.

In closing, Judge Prescott remarked that at Feingold's request the Woolards would have to sign an acknowledgement of this agreement.

After the disposition of the Delaware matter, as already touched upon earlier, Attorney Shelton sought to have his name entered as counsel of record for the Woolards, and, correspondingly, have Feingold withdraw as legal representative.

Attorney Feingold's response to the petition to withdraw came on March 12 and October 12 of 1984.

In the March 12th answer, Feingold denied ever receiving a withdrawal request to sign from Attorney Shelton. (Paragraph 3) Further, although Feingold admitted that Attorney Shelton asked for the Woolards' file, he alleged

that "neither Mr. Shelton nor the [Woolards] ha[s] ever once stated that they would pay [his] fee for the work he had performed." (Paragraph 3)

Attorney Feingold went on to demand reimbursement for his costs as well as his attorney's fees, and he expected to receive both "prior to turning over his file so that he will not have to worry about whether Mr. Shelton will lose this case at some future date or whether [he] will ever be paid the monies that are due and owing to him...." (Paragraph 9) Thus, Feingold conditioned his withdrawal, to which he had no objection, on payment of his fees and costs. (Paragraph 10)

Feingold's October 12th answer, filed in response to Attorney Shelton's re-submission of the withdrawal petition before the court, was similar to his earlier answer, save for the request for a "guarantee ... on any offer he ha[d] already obtained in the case" from Burton's insurance carrier.

Thereafter, the following order was entered:

AND NOW, this 14th day of DECEMBER, 1984, upon consideration of plaintiffs' Petition to Withdraw Appearance of Counsel, it is hereby ORDERED AND DECREED that plaintiff's [sic] petition is granted and, pursuant to the hearing conducted before the Hon. Rita E. Prescott of the Court of Common Pleas of Delaware County on November 28, 1983, it is further ORDERED that Allen L. Feingold shall be paid a referral fee of one-third of any fee recovered in this case and will be reimbursed for his costs to the date of that hearing.

BY THE COURT:

/s/ A.J. DiBona J
ALFRED J. DI BONA,
Jr. J.

This appeal followed.

■ Initially, as always, we must decide if the appeal is taken from a final order. In doing so, we look to "a practical rather than a technical construction" of the order.

*Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). Such a determination is a judicial conclusion which necessitates "an examination of the order's ramifications." *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975). For example, we look to see if the order put Feingold "out of court", *Ventura v. Skylark Motel, Inc.,* 431 Pa. 459, 246 A.2d 353 (1968), or prevented him from presenting the merits of his claim to the court below. *Marino Estate,* 440 Pa. 492, 269 A.2d 645 (1970).

With the Philadelphia court's grant of the Woolards' petition to have Feingold withdraw as their counsel, the phrase "out of court" is quite apropos in describing Attorney Feingold's status in the case.

The December 14th order not only directed that Feingold cease his representation of the Woolards, but it fixed the rate at which he was to be compensated for his services. Thus, there being no other issues proffered to the court below for resolution prior to the entry of its order of withdrawal, the litigation, for all "practical purposes", had come to an end and, therefore, was ripe for review.

The appellant Feingold raises two issues for our review, both of which were presented in his concise statement of matters complained of on appeal, filed pursuant to Pa.R. App.P. 1925(b). First, he contends that the court below erred at law or abused its discretion in basing the order appealed upon the disposition of the Delaware County case since "that other case was not properly before th[e] Court below and where the record of th[e instant] case does not establish the terms and conditions of the other case...." (Appellant's Brief at 8)

We agree and find that the controlling issue on this appeal to be one of procedure.

■ As our Supreme Court has stated on the subject of judicial notice:

It is well established that a court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own, even though the

contents of those records may be known to the court. *Steel v. Levy,* supra; *R.K.O. Dist. Corp. v. Shook,* 108 Pa.Super. 383, 387, 164 A. 855; *Walter v. Baldwin,* 126 Pa.Super. 589, 596, 193 A. 146.

*Naffah v. City Deposit Bank et al.,* 339 Pa. 157, 160, 13 A.2d 63, 64 (1940). This is especially so "when the facts are not admitted". *Steel v. Levy,* 282 Pa. 338, 342, 127 A. 766 (1925). Thus, a court is admonished not to take judicial notice of the record of another case, if not pleaded. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 450 A.2d 36 (1982). *Accord Coccia v. Coccia,* 285 Pa.Super. 259, 427 A.2d 212 (1981).

■ At bar, we have scoured the record and have been unable to uncover one instance, whether it be in the Woolards' petitions seeking Feingold's withdrawal as counsel (plus the accompanying documents contained therein) or in Feingold's answers of March 12 and October 12 of 1984 thereto, admitting the facts raising, by our interpretation of the argument made, the question of res judicata.

Therefore, the statement of the court below that it was "merely confirm[ing] the agreement reached during a hearing conducted before the Hon. Rita E. Prescott of the Court of Common Pleas of Delaware County, on November 28, 1983" is *not* supported by the record before this Court.

■ To the extent that we made mention of a copy of the Delaware County proceeding in Feingold's brief to us, we did so solely to complete the picture of what transpired below. However, we in no way intended such information to substitute for record evidence. In this jurisdiction, such information, contained in an appellate brief of either counsel, is not equated with evidence of record sufficient to render an opinion either reversing or affirming the actions of the court below. *See,* e.g., *McFarlane v. Hickman,* 342 Pa.Super. 240, 248 n. 4, 492 A.2d 740, 744 n. 4 (1985).

Our determination that the order of the court below is to be reversed, and a procedendo awarded, dispenses with the

need to address the second of Feingold's complaints. Jurisdiction is relinquished.