513 A.2d 440

**Mary A. GULENTZ, Administratrix of the Estate of James P. Gulentz, Deceased**

v.

**SCHANNO TRANSPORTATION, INC. and Todd A. Trice.**

**Appeal of SCHANNO TRANSPORTATION, INC.**

Superior Court of Pennsylvania.

Argued April 16, 1986.

Filed July 24, 1986.

304

P. Christian Hague, Pittsburgh, for appellant.

Cyril T. Garvey, Sharon, for Gulentz, appellee.

P. Raymond Bartholomew, Sharon, for Trice, appellee.

Before TAMILIA, KELLY and MONTGOMERY, JJ.

TAMILIA, Judge:

Before this Court is an appeal from the granting of summary judgment to Todd Trice and partial summary judgment to Mary Gulentz. Also before us is a motion to

strike portions of appellee's designation of additional contents of reproduced record.

This case arises from a 1980 accident in Ohio. The decedent, James Gulentz, was one of three passengers in an auto operated by Todd Trice. A collision occurred between the car and a tractor trailer operated by Wayne Fosdick. The tractor was owned by B & C Trucking and the trailer by Schanno Transportation, Inc.

After the accident, Fosdick, Schanno and B & C Trucking filed a personal injury and property damage action against Trice in Ohio. In July of 1983, a jury verdict for Trice resulted, with the jury stating in responses to interrogatories that Trice was not negligent and Fosdick was negligent. (80 C.V. 1999 C.P. Portage County Ohio).

In June of 1981, Mary Gulentz, as administratrix of the estate of James Gulentz, commenced wrongful death and survival actions in Mercer County against Fosdick, B & C Trucking, Schanno Transportation, Inc. and Trice. Fosdick, B & C and Schanno filed preliminary objections raising the question of jurisdiction and the court sustained the objections. On appeal to this Court we reversed in part finding jurisdiction to exist as to Schanno and remanded for further proceedings. (*Gulentz v. Fosdick*, 320 Pa.Super. 38, 466 A.2d 1049 (1983)).

Following remand, Trice filed an answer and new matter in which he alleged the verdict in the Ohio action collaterally estopped Schanno from litigating the relative negligence of Trice and Schanno.

Appellant Schanno in reply to new matter admitted that a jury rendered a verdict for Todd Trice but denied any implication that it was responsible for any negligence of Fosdick, claiming he was an independent contractor. (Reply to New Matter of Defendant Trice, filed 3/9/84).

Subsequently, Gulentz orally moved for partial summary judgment contending the issue of liability of Schanno had been determined in the Ohio litigation. Trice also orally moved for summary judgment on the same basis.

The lower court in an Order issued December 31, 1984 granted Trice's motion dismissing him as a defendant. The court also granted partial summary judgment to Gulentz on the sole question of the negligence of Fosdick. Both were based on the prior Ohio litigation. Judgment was entered on the Trice portion and an appeal filed; Schanno was granted a motion to certify the partial summary judgment as to Gulentz, in order to obtain an immediate appeal. A petition to appeal was then granted by this Court.

Appellant later filed a motion to strike portions of appellee's Designation of Additional Contents of Reproduced Record on the grounds it was not part of the lower court record.

In this adjudication we will address both the motion to strike and the issues raised on appeal.

Appellant maintains the trial court erred in granting summary judgment citing four specific instances.

The first basis for challenging the lower court's ruling also provides the basis for the petition to strike. Appellant contends the summary judgment was based on matters not part of the record, specifically the Ohio cases.[1] It is argued that neither party filed properly authenticated copies of any Order rendered in Ohio before summary judgment was granted and in addition the filing of the Ohio judgments on January 15, 1985 was improper because the court no longer had jurisdiction after the filing of an appeal January 9, 1985.

We do not agree with appellant's/petitioner's argument and think the Ohio judgments were properly considered by the lower court and made part of the record.

In reaching this decision we first note that in appellant's reply to New Matter of Todd Trice (filed March 9, 1984) the existence of the jury verdict in favor of Trice was admitted.

1. The cases in question are: *Fosdick v. Trice,* C.P. Portage County, Ohio, 80 C.V. 1999 (1983); *Timothy Scott, et al. v. B & C Trucking, Inc., et al.,* 82 C.V. 0921 (1984); *Bryan G. Haun v. B & C Trucking, Inc., et al.,* 82 C.V. 1169 (1984).

This admission was part of the record before the court when it granted summary judgment.

 It is correct that a court may not ordinarily take judicial notice in one case of the records of another case. *Naffah v. City Deposit Bank et al.,* 339 Pa. 157, 13 A.2d 63 (1940); *Woolard v. Burton,* 345 Pa.Super. 366, 498 A.2d 445 (1985). However, it has been held in situations dealing both with preliminary objections and summary judgments that this does not hold true where the facts are admitted. *Thal v. Krawitz,* 361 Pa. 178, 63 A.2d 33 (1949); *Walker v. Ohio River Company,* 428 Pa. 552, 239 A.2d 206 (1968); *Callery v. Mun. Authority of Township of Blythe,* 432 Pa. 307, 243 A.2d 385 (1968); *Woolard, supra.*

 The sufficiency of a complaint which refers to a separate and distinct proceeding is determined by a consideration of all relevant matters therein set forth. *Castle View Burial Park v. Bell Telephone Co.,* 367 Pa. 289, 293, 80 A.2d 699, 701 (1951). We would hold this equally applicable to the admission in the present case.

 At no time does appellant/petitioner challenge the validity or the existence of the foreign judgments but rather raises a procedural defect in support of exclusion. We think the trial judge properly considered the Ohio litigation involving Fosdick on the basis of the admission by appellant. In addition Pa.R.A.P. 1926 [2] provides a basis for the inclusion by the trial court of the judgments in the record. It would also provide a basis for action on the part

2. **Rule 1926. Correction or Modification of the Record**
 If any difference arises as to whether the record truly discloses what occurred in the lower court, the difference shall be submitted to and settled by that court after notice to the parties and opportunity for objection, and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the lower court either before or after the record is transmitted to the appellate court, or the appellate court, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questons as to the form and content of the record shall be presented to the appellate court.

of this Court to include the relevant documents. In this instance since the existence and validity of the judgments is undisputed, in the interest of judicial economy such action would be warranted.

Therefore we deny the petition to strike and find appellant's first argument to be without merit.

Appellant next maintains the trial court erred in determining that appellee could assert collateral estoppel under Ohio law even though she was not a party to the litigation and in applying Pennsylvania law to the collateral estoppel issue rather than Ohio law.

The lower court determined that there was no conflict between Pennsylvania and Ohio law under the facts of the case and applied the law of the forum. The court relied on *Estate of Ellis II*, 460 Pa. 281, 333 A.2d 728 (1975) to support its determination that mutuality is not a requirement to raising collateral estoppel in Pennsylvania. The requirements as set forth are that the party against whom the estoppel is invoked be the same, the issue be identical, the previous judgment be final on the merits, and the party had a full and fair chance to litigate the issue in the prior action. *Ellis, supra; Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 464 A.2d 1313 (1983). We agree that this is a proper statement of the law in Pennsylvania. *See also Temporaries, Inc. v. Krane*, 325 Pa.Super. 103, 472 A.2d 668 (1984); *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984).

The interpretation of Ohio law is at the core of appellant's argument for they assert mutuality is required under Ohio law, insisting the court erroneously interpreted *Hicks v. De La Cruz*, 52 Ohio St.2d 71, 369 N.E.2d 776 (1977) which broke from the strict mutuality rule. Appellant cites *Goodson v. McDonough Power Equipment, Inc.*, 2 Ohio St.3d 193, 443 N.E.2d 978 (1983) to support the contention that *Hicks, supra,* should be narrowly construed to the facts therein.

The lower court specifically addressed the application of *Goodson* and determined that the policy considerations which prompted the decision were not present in this case. In *Goodson,* the court refused to permit a plaintiff to use collateral estoppel against a lawn mower manufacturer based on a design defect. The court held the use of collateral estoppel would violate due process since it could not be foreseen that the issue would subsequently be utilized collaterally and the party had little knowledge or incentive to litigate fully and vigorously due to the circumstances presented therein. *Goodson, supra* at 201, 443 N.E.2d at 986.

In the present case the court determined appellant knew that if it lost the Ohio case, damage suits would be forthcoming from the passengers in the car. Thus the court held this to be a situation where Ohio courts would not require mutuality. We agree. The *Goodson* court recognized and affirmed the decision in *Hicks, supra,* which focused on the party defendant's clear opportunity to have his day in court so as to fully litigate the issue. Once this was found, collateral estoppel was deemed proper without mutuality. The chief concern in *Goodson* in refusing to follow *Hicks* was that the injuries resulted from distinct underlying incidents, *Goodson, supra* at 203, 443 N.E. at 988.

We think the court was correct in its analysis and determination that no conflict between Pennsylvania and Ohio law exists in this case. Application of Pennsylvania law was thus proper.

Next, appellant argues that because the prior case was tried under a contributory negligence theory, it is not proper to grant summary judgment in a case that would be tried under comparative negligence. Again *Goodson, supra,* is cited for language that where the same rules of law were not applicable, collateral estoppel would not apply.

We do not agree with this contention. The reference to exclusion of collateral estoppel in *Goodson* because of differences in state law as to theories of negligence was part of a listing of various factors which would influence the

court in determining whether mutuality was required. The lower court here did a similar evaluation of factors and properly found no need to require mutuality.

The decision relied on by the lower court in granting summary judgment made a specific finding as to the negligence of Fosdick and the non-negligence of Trice. This finding is significant for whether the case was tried under a contributory or comparative negligence theory the result would be the same since no negligence was attributed to Trice.

■ Appellant's last two issues are also without merit. First it is asserted that the answers to special interrogatories on the Ohio litigation indicating Trice was not negligent and Fosdick was negligent are alternative findings and thus should not be given preclusive effect. We do not share appellant's view for we find the answers were necessary determinations in a case tried under contributory negligence.

Finally appellant maintains the court improperly relied upon separate litigations involving two of the other passengers, because the cases were not final.[3] We find the court did not rely upon these cases in applying collateral estoppel but looked to them in support of the argument that Ohio courts would not strictly enforce the mutuality rule. (Opinion, Stranahan, filed Jan. 17, 1985 pp. 9–10).

In light of the preceeding discussion, it is our determination that the summary judgment granted to Todd Trice and appealed at No. 83 Pittsburgh, 1985 is affirmed. The partial summary judgment granted to Mary A. Gulentz and appealed at No. 1137 Pittsburgh, 1985 is also affirmed.

No. 83 Pgh. 1985 judgment is affirmed.

No. 1137 Pgh. 1985 judgment is affirmed.

3. *Timothy Scott, et al. v. B & C Trucking, Inc., et al, supra; Bryan G. Haun v. B & C Trucking, Inc., et al., supra.*