533 A.2d 1023

Millard J. SHAFFER

v.

**PULLMAN TRAILMOBILE, DIVISION OF M.W. KELLOGG CO., a Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1987.

Filed Oct. 1, 1987.

Reargument Denied Nov. 25, 1987.

200

David M. Neuhart, Pittsburgh, for appellant.

Arthur Cutruzzula, Pittsburgh, for appellee.

Before CIRILLO, President Judge, and MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

Appellant, Pullman Trailmobile, a division of M.W. Kellogg Co. (Pullman), appeals from the judgment entered following the jury verdict and the Order entered by the court below on August 12, 1986, denying Pullman's motion for post-trial relief.

The facts surrounding the appeal are as follows. Appellee, Millard J. Shaffer, was employed as a truck driver to haul steel, interstate, on flatbed trailers. On August 22, 1979, appellee was assigned to pick up a trailer which had previously been loaded; his job was to tie down the load with chains. The chains were tied around the load and were fastened to the trailer bed by the use of chain binders or snap binders. Appellee used an extension pipe to get more leverage on the snap binders. The chain in question broke, thrusting appellee backward against the edge of another flatbed trailer parked along side his trailer and then to the ground. Appellee sued the appellant, under 402A of the Restatement of Torts, Second, as it was the distributor of the chain he alleged was defective.[1] Following a jury verdict for appellee in the amount of $175,000, appellant sought judgment n.o.v., or in the alternative, a new trial. When the trial court denied that motion, appellant filed this timely appeal.

The first issue appellant brings before us for review is that the trial court improperly instructed the jury on the malfunction doctrine. Because appellant failed to except to the jury charge at trial, however, we are unable to review

---

1. Complicating this case is the fact that the chain in question was lost and was, therefore, not able to be identified for purposes of suing the manufacturer. Appellee presented evidence that a co-worker of appellee had been instructed after the mishap to turn over the chain in question to their employer (T.T. at 170, 172). The manager of the trucking company, which employed appellee, testified that he had placed the chain in his file cabinet (T.T. at 53). The director of maintenance testified that he had contacted the equipment manager in February of 1981, who told him where the chain was kept; he had found the chain there and removed it (T.T. at 89). Prior to these proceedings, though, "it disappeared." (T.T. at 90.) The co-worker, as well as the managers, testified they had observed the chain to be a ⅜ inch high-test chain, with only one break (T.T. at 53, 89, 173).

this allegation of error. Rule 302 of the Pennsylvania Rules of Appellate Procedure provides:

**Rule 302. Requisites for Reviewable Issue**

(a) **General rule.** Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.

(b) **Charge to jury.** A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of.

The note to this rule reminds us,

Rule 2117(c) (statement of place of raising or preservation of issues) and Rule 2119(e) (statement of place of raising or preservation of issues) require that the brief expressly set forth in both the statement of the case and in the argument reference to the place in the record where the issue presented for decision on appeal has been raised or preserved below.

*Note* to Pa.R.A.P. 302.

■ A specific exception must be lodged to preserve an objectionable charge for post-trial motions. *Tagnani v. Lew,* 493 Pa. 371, 426 A.2d 595 (1981); *Crosbie v. Westinghouse Elevator Co.,* 297 Pa.Super. 304, 443 A.2d 849 (1982); *see also Dilliplaine v. Lehigh Valley Trust Co.,* 457 Pa. 255, 322 A.2d 114 (1974). In addition to a timely specific objection to a trial court's charge to the jury, appellate review may be preserved by submitting "a specific point for charge." *Broxie v. Household Finance Co.,* 472 Pa. 373, 377, 372 A.2d 741, 743 (1977); *Loos & Dilworth v. Quaker State Oil Refining Corp.,* 347 Pa.Super. 477, 500 A.2d 1155 (1985); *Dambacher by Dambacher v. Mallis,* 336 Pa.Super. 22, 485 A.2d 408 (1984) *appeal dismissed,* 508 Pa. 643, 500 A.2d 428 (1985); *Brancato v. Kroger Co., Inc.,* 312 Pa.Super. 448, 458 A.2d 1377 (1983).

Our careful review of the trial transcript reveals appellant neither took exception to the trial judge's charge nor submitted a specific point for charge. In fact, he stated: "Judge, I don't have any objection ..." (T.T. 11/26/85, p.

342). Accordingly, appellant has waived the issue for purposes of review. *See Commonwealth v. Jensch,* 322 Pa.Super. 304, 469 A.2d 632 (1983).

Appellant's second argument is that the judge improperly submitted the case to the jury in the face of the existence of reasonable secondary causes, such as wear and tear, exposure and over-torquing. Appellant argues appellee admitted he had continuously used the chain to secure heavy loads which had a tendency to shift and that he repeatedly tightened the chain by using a cheater bar to increase leverage. It adds that appellee also admitted the chain was visibly rusting (T.T. at 155) and had been repeatedly dragged on the ground (T.T. at 153). Additionally, appellant urges that testimony showed the chain had been in continuous use for at least two and one-half months (T.T. at 153). Thus he argues that the wear and tear, deterioration and age of the chain were all reasonable secondary causes of any alleged malfunction which the appellee failed to rebut.

■ Pennsylvania federal cases have held that a plaintiff may establish a defective condition within the meaning of section 402A by proving that the product functioned improperly in the absence of abnormal use or reasonable secondary causes. *See Sochanski v. Sears Roebuck & Co.,* 621 F.2d 67 (3d Cir.1980); *Knight v. Otis Elevator Co.,* 596 F.2d 84 (3d Cir.1979). The plaintiff's burden of proving by the preponderance of the evidence that the product malfunctioned can be satisfied by negating other reasonable secondary causes. *Sherman v. Puritan–Bennett Corp.,* 544 F.Supp. 159 (E.D.Pa.1982). "A plaintiff need not eliminate every possible cause of the event other than malfunction, but only such other causes as fairly arise from the evidence." *Id.* at 162 (citing *Greco v. Bucciconi,* 407 F.2d 87, 91 n. 7 (3d Cir.1969)).

■ Appellee presented evidence the chain had appeared silver and new when it was given to him by his employer in June of 1979 (T.T. at 129). The chain, one of eight to ten chains given appellee, was taken from a round barrel (T.T.

at 129). Appellee kept the chain with him through August 22, 1979 (T.T. at 129). Further, appellee presented evidence that new chains of the type in question develop rust quickly, after one or two trips, because of exposure to the elements (T.T. at 173). Since neither party established the precise age of the chain, and there was evidence from which the jury could reasonably have believed the chain was new when it was given to appellee, the appellant is not justified in arguing that age and deterioration are secondary causes of appellee's injury which were not rebutted at trial.

■ The last possible secondary cause which appellant urges the appellee failed to dispel is appellee's "overtorquing" the chain. By this, appellant apparently means appellee's use of a pipe in tightening the chain to gain leverage, causing the chain to be tightened beyond the standard level. While appellee did not present any evidence to the contrary, he did bring out, through testimony of witnesses engaged in the business, that the practice of using a pipe to gain leverage while securing the chain was a common practice in the industry and, in fact, was necessary, as the self-closing snap binders on the chains would not snap closed until the chains were under the proper amount of tension (T.T. at 61, 125–27, 159, 175). Appellee also offered the testimony of another trucker to the effect that he had experienced the breaking of a chain of the type involved here only one time in his years as a trucker, that being when he stopped suddenly to avoid an accident, and his heavy load shifted and broke the chain (T.T. at 176). Appellant, moreover, did not introduce any evidence to support its theory that use of a pipe for leverage on the $\frac{3}{8}$ inch thick high-test chain would subject the chain to too much stress and cause it to break. Thus we see no merit to appellant's contention that the trial court committed error in submitting the case to the jury.

■ Appellant's last contention is that the trial court improperly permitted the appellee to introduce evidence regarding his alleged disability where that issue had previously been decided by the workmen's compensation appeal board. Appellant states that at trial appellee claimed a

permanent partial disability resulting from the accident which is the subject of this appeal but, in March 1983, the workmen's compensation appeal board denied appellee's claim for benefits arising from this accident and found he was not disabled as a result thereof after July 31, 1980. Appellant presented this argument to the court on the day of trial by way of a motion in limine, which the trial judge denied. The issue, therefore, has been preserved for our review. *See* Pa.R.C.P. 227.[2]

Appellant is correct in its argument that the workmen's compensation determination that appellee was no longer disabled after July 31, 1980, could have worked a collateral estoppel on the identical issue in the subsequent civil trial.

 Collateral estoppel requires: (1) the party against whom the estoppel is involved be the same; (2) the issue be identical; (3) the previous judgment be final on the merits; and (4) the party had a full and fair chance to litigate on the merits. *Gulentz v. Schanno Transportation, Inc.,* 355 Pa.Super. 302, 513 A.2d 440 (1986). *See also Keystone Water Co. v. Pennsylvania P.U.C.,* 81 Pa.Commw. 312, 474 A.2d 368 (1984) (collateral estoppel is designated to prevent relitigation of issues which have once been decided and have remained substantially static, factually and legally). We have said in the context of the application of res judicata,

> [T]he application of res judicata principles is not precluded merely because administrative proceedings are involved and where an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate the courts will not hesitate to apply res judicata principles.

*Philadelphia Electric Co. v. Borough of Landsdale,* 283 Pa.Super. 378, 392, 424 A.2d 514, 521 (1981). However,

---

2. **Rule 227. Exceptions**
 (a) It shall not be necessary on the trial of any action or proceeding to take exception to any ruling of the trial judge. An exception in favor of the party against whom the adverse ruling was made shall be deemed to have been taken with the same force and effect as if it had been requested, noted by the official stenographer and thereafter written out, signed and sealed by the trial judge.

workmen's compensation claims have been distinguished from a common law (tort) cause of action and we hold the same reasons apply to strict liability actions since the actions are not identical. *See Melcher v. Pennsylvania Threshermen and Farmers' Mutual Casualty Insurance Co.*, 389 Pa. 125, 132 A.2d 190 (1957). While res judicata principles do not apply, collateral estoppel principles do apply. In *Nicklos v. Firestone Tire and Rubber Co.*, 346 F.Supp. 185, *aff'd* 485 F.2d 680 (E.D.Pa.1972) citing Pennsylvania law, it is stated:

> The Workmen's Compensation claim and a common law cause of action are not identical, consequently res judicata is not applicable. See Melcher, supra. Where, however, there is an identity of parties, even though the causes of action are not identical, those material matters which have been litigated between the parties are barred from relitigation in subsequent proceedings by the doctrine of collateral estoppel. Restatement, Judgements § 68; *Vanderveer v. Erie Malleable Iron Co.*, 238 F.2d 510 (3d Cir.1956), cert. denied, 353 U.S. 937, 77 S.Ct. 815, 1 L.Ed.2d 760 (1957); *United States v. Webber*, et al., 396 F.2d 381 (3d Cir.1968); *Walker v. Ohio River Co.*, 44 Pa.Dist. & Co.R.2d 200, aff'd per curiam on opinion of court below, 428 Pa. 552, 239 A.2d 206 (1968); and see *Larsen v. Larsen*, 392 Pa. 609, 141 A.2d 353 (1958) (dictum); *Thal v. Krawitz*, 365 Pa. 110, 73 A.2d 376 (1950) (dictum). In the Workmen's Compensation proceedings, Nicklos had the burden to show an accident, and a causal connection between the accident and the complained of physical condition.... The Board found against him on both counts; that he had failed to prove an accident in that he had failed to prove unusual exertion, and that he had failed to prove, with the requisite medical certainty, causal connection.

> In the instant suit, plaintiff is advancing the same issue which was before the Workmen's Compensation Board.

*Id.* at 188.

Further, there is no problem created by the fact that the parties to the workmen's compensation appeal and the

instant matter are not identical because the appellee was plaintiff in each.

> Unlike res judicata, there is no requirement that there be an identity of parties between the two actions to invoke the bar. 'Parties to a subsequent action need not be the same as those in the prior suit in order to raise the question of collateral estoppel. Collateral estoppel may be used as either 'a sword or a shield' by a stranger to the [prior] action, as long as the party against whom the defense is invoked is the same.' (Citations omitted.)

*Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa.Super. 225, 464 A.2d 1313 (1983). *See also Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984); *In re Estate of Ellis*, 460 Pa. 281, 333 A.2d 728 (1975).

■ Appellee urges that the workmen's compensation referee had no knowledge of appellee's surgery in 1984 to remove a herniated disc or the repeat CAT scan and myelogram confirming disc herniation at multiple lumbar levels as well as the E.M.G. study which indicated chronic (long-standing) denervation, all of which were attributed to the accident (Brief of appellee at 17). He argues, therefore, that the issue was not previously adequately and fully litigated. Granted, this might be the case if defendant had suffered no other injuries, however, the record discloses that the causal connection, despite expert testimony, was not established in that subsequent accidents and periods of treatment occurred after the finding of the Workmen's Compensation Appeal Board that appellee was not disabled after July 31, 1980. Keeping in mind the accident in question occurred on August 22, 1979, and specifically relates to an alleged defect in a tie down chain, the trial transcripts show the following. January 17, 1978, prior to this accident, appellee had fallen from a truck and was treated for a back injury until June 5, 1979 when he returned to work. The accident in question occurred on August 22, 1979. He returned to work in March of 1980 and continued to work until April 28, 1980, when he was injured rolling up a tarp (T.T. 186–201). He has not worked since. Appellant slipped

on ice and fell on his back on March 15, 1984, requiring medical treatment, and on April 12, 1984, he submitted to surgery.

The issues thus advanced in plaintiff's pleadings in the instant action were the very issues litigated between plaintiff and defendant in the Workmen's Compensation proceedings.

Appellee contends, however, that appellant has waived a collateral estoppel defense by its failure to assert such until its motion in limine, which it presented on the day of trial.

■■ We agree that under normal circumstances appellant would have been forced to allege collateral estoppel in its answer and new matter since this is an affirmative defense. *See* Pa.R.C.P. 1030 and 1032.[3] Although Rule 1030 does not specifically list collateral estoppel as one of the affirmative defenses within the scope of the rule, its nonexclusionary language, taken together with federal decisions,[4] indicates that the rule is to be applied to that concept.

3. Those rules state in pertinent part:
 **Rule 1030. New Matter**
 All affirmative defenses including but not limited to the defenses of ... estoppel, ... res judicata ... shall be pleaded in a responsive pleading under the heading of 'New Matter'. A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading.
 **Rule 1032. Waiver of Defenses. Exceptions**
 A party waives all defenses and objections which he does not present either by preliminary objection, answer or reply, except
 (1) that the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, and the objection of failure to state a legal defense to a claim may also be made by a later pleading, if one is permitted, or by motion for judgment on the pleadings or at the trial on the merits, and
 (2) that whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter or that there has been a failure to join an indispensable party, the court shall dismiss the action.

4. Pennsylvania Rule of Civil Procedure 1030 closely resembles Federal Rule of Civil Procedure 8(c). Several federal decisions conclude that collateral estoppel is an affirmative defense. *See Overseas Motors, Inc. v. Import Motors Limited, Inc.*, 375 F.Supp. 499 (E.D. Mich.1974) (collateral estoppel, because it operates as a limitation on the issues in

■ In the instant action, however, appellant's answer was filed in 1981, whereas the workmen's compensation board appeal decision was not made until 1983. Thus appellant was not able to raise collateral estoppel in its answer and new matter. Two years did elapse, however, between the workmen's compensation appeal and the time that the case came to trial in 1985. During that time, appellant should have amended its new matter to reflect the outcome of the appeal and raise collateral estoppel as a defense, as permitted by Pa.R.C.P. 1033 which provides:

**Rule 1033. Amendment**

A party, either by filed consent of the the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

*See Ecksel v. Orleans Const. Co.*, 360 Pa.Super. 119, 519 A.2d 1021 (1987) and *Commonwealth v. Rodebaugh*, 102 Pa.Commw. 592, 519 A.2d 555 (1986).

■ Upon presenting the amendment to the court for approval, if the amendment was denied, it would have the effect of putting the appellant out of court on that issue. For appeal purposes, this is a final Order and is appealable pursuant to Pa.R.A.P. 311 and 302(a). *James A. Mann Inc. v. Upper Darby School District*, 99 Pa.Commw. 276, 513 A.2d 528 (1986). As this procedure was not followed, we hold that the trial court committed no error in denying appellant's motion in limine on the day of trial. Since no appeal was taken, therefore, even if it could be construed as

a case, not on the types of evidence which may be introduced in support of those issues, is a substantive defense, affirmative in nature, and therefore falls within the ambit of Rule 8(c)); and *Exxon v. Texas Motor Exchange of Houston, Inc.*, 628 F.2d 500 (5th Cir.1980) (res judicata and collateral estoppel are affirmative defenses). *See also* Wright, Miller & Cooper, *Federal Practice and Procedure*, Civil §§ 1270 & 1278 (1978).

a motion to amend pursuant to Rule 1033, appellant has waived that issue and may not assert the defense of collateral estoppel on appeal.

Judgment affirmed.

CIRILLO, President Judge, concurs in the result by TAMILIA, J.

MONTEMURO, J., concurs with statement.

MONTEMURO, Judge, concurring:

The majority addresses at length the merits of the collateral estoppel even though Pullman Trailmobile waived the defense by failing to raise it in new matter. I am convinced that we should defer decision on Pullman's third issue until such time as the matter is properly before us. Because the discussion of the collateral estoppel defense is dicta, I do not join that portion of the majority's opinion. I nevertheless join in the remainder of the majority's well-reasoned analysis.