**Camara v. Mack Truck Inc.**

*David Tamanini,* for plaintiffs.
*Timothy I. Mark,* for defendant Mack Truck Inc.
*John Lenahan,* for defendant National Seating Co. Inc.
*Stephen Geduldig,* for defendant PennDOT.

DOWLING, *J.,* February 15, 1989 — How binding are workmen's compensation findings in a civil trial? Defendants maintain they are controlling and have filed motions for summary judgment.

Plaintiff, Donald Camara, in his action against defendants, claims injuries resulting from an incident which occurred March 26, 1984 when, while operating a Mack Truck in the course of his employment with Transcon Lines, he struck an irregularity in the road surface, causing him to be catapulted upward from his seat and immediately downward onto the seat where the resulting shock caused spinal injuries. Plaintiff initially received workmen's compensation benefits from the date of his injury until June 21, 1984 when he returned to work. On June 26, 1984, he alleged a reoccurrence of his injury and was put back on compensation until he again returned to work on July 10, 1984. On November 20, 1984, he suffered a further reoccurrence; his case was again reopened; and he was paid compensation until he again returned to

work on April 23, 1985. On August 6, 1985, another reoccurrence took place, and once again he was back on compensation until he resumed work on April 17, 1987.

The next incident was on April 29, 1987 when Mr. Camara, while still working for Transcon Lines, alleged that in moving a conveyor he injured his back and either aggravated a pre-existing back condition or suffered a new injury. A workmen's compensation hearing was held on August 6, 1987 and on October 29, 1987, the referee found as a fact that the medical evidence established that the claimant became totally disabled due to the new injury of April 29, 1987. He entered conclusions of law to the effect that Mr. Camara was totally disabled as a result of the new injury and had failed to prove that he had a reoccurrence of his March 26, 1984 injury. Compensation payments were therefore ordered to be paid for the injury of April 29, 1987.

It is this action by the workmen's compensation authorities which has triggered defendants' motions for partial summary judgment in which they ask that plaintiffs be prohibited from introducing any evidence concerning injuries, damages or losses occurring after April 29, 1987. Defendants base their motion on the doctrine of collateral estoppel whose purpose is to prevent relitigation of issues which have once been decided, contending that in the instant case the identical issue regarding damages has been litigated to a final judgment on its merits via workmen's compensation proceedings. Collateral estoppel normally requires that the party against whom the estoppel is involved be the same and the issues be identical. *Gulentz v. Schanno Transportation Inc.*, 355 Pa. Super. 302, 513 A.2d 440 (1986). However, it has been held that even though workmen's compensation claims and a

common-law cause of action are dissimilar, estoppel will apply where the matters are the same. *Shaffer v. Pullman Trailmobile,* 368 Pa. Super. 199, 533 A.2d 1023 (1987).

The question, therefore, resolves itself around whether or not the issues before the workmen's compensation referee and those before this court are identical. We are dealing, of course, with a motion for summary judgment. Therefore, the court must examine the record in the light most favorable to the non-moving party, *Weiss v. Keystone Mack Sales Inc.,* 310 Pa. Super. 425, 456 A.2d 1009 (1983); and enter summary judgment only where the case is free from doubt. Thus, the referee's determination that there was no reoccurrence of the injury of March 26, 1984 and that the claimant's total disability is now a result of his new injury of April 29, 1987, must blot out all possible injuries, damages and losses which might flow from the cause of action asserted herein.

We find that there is sufficient seepage so as to prevent us from saying as a matter of law that the alleged injury resulting from this cause of action terminated after the new accident of April 29, 1987. Issues such as whether Mr. Camara was predisposed to his second injury as a result of his first accident; whether his new disability is more severe because of his first accident, or whether his first accident and resulting injuries complicated or affected his recovery or ability to recover from the second accident, are but some of the matters which we cannot conclude as a matter of law that the referee considered.

An examination of the referee's decision, findings, and conclusions leads one to believe that his primary concern was to allocate responsibility between the two different insurance carriers, i.e. the

company covering Transcon Lines employees at the time of his first accident and the carrier which was on the risk at the time of the later injury. This seems to have been the focus of his conclusion. He would not have been unduly concerned with Mr. Camara's previous physical condition since a new compensable injury had occurred and the employee would be entitled to full compensation benefits from it.

Furthermore, the finding of a new injury does not exclude the possibility of an aggravation or acceleration of a prior condition. In *Lackawanna Refuse v. WCAB*, 74 Pa. Commw. 248, 459 A.2d 899 (1983) Judge Blatt wrote, "The law is clear. If the current disability is an 'aggravation' of the prior injury, there has been a new injury. . . . " In *United Industrial Maintenance v. WCAB*, 46 Pa. Commw. 156, 405 A.2d 1360 (1979), Judge Crumlish stated:

"An aggravation of a pre-existing condition constitutes an 'injury' under section 301(c) entitling one to compensation regardless of prior physical condition.

"That an employee has a chronic condition or ailment which makes him more susceptible to injury does not defeat his right to compensation if the subsequent injury materially contributes to the acceleration or aggravation of his pre-existing condition." *Id.* at 159, 405 A.2d at 1362. (citation omitted) See also, *Swartz v. WCAB*, 117 Pa. Commw. 47, 543 A.2d 201 (1988).

It should also be pointed out that the referee's determination that plaintiff's total disability was the result of his new injury was listed as a conclusion of law rather than a finding of fact. It has been stated by one learned authority in the field that while on appeal the findings of fact by a referee may be res judicata such determinations do not apply to his

conclusions of law. See *Barbieri's Pennsylvania Workmen's Compensation Occupational Diseases* (Bisel 1975) at 67.

The referee's conclusion of law that plaintiff failed to carry his burden of proof in no way speaks to the condition of plaintiff before the April 1987 accident. It therefore cannot control plaintiff's right to present evidence at trial of his condition before April 1987, and the interplay between his prior injury and the 1987 injury. Plaintiff is entitled to show whether the 1984 accident predisposed him to further injury and whether it affected his chances of recovery from the 1987 accident.

Defendants in their motion rely primarily on *Shaffer, supra,* but this case is distinguishable, aside from the fact that the entire discussion on the applicability of collateral estoppel was rendered dictum by the court's finding that the appellant had waived the issue. In any event, in *Shaffer* the plaintiff had claimed permanent partial disability resulting from an accident, the basis of his court case occurring on August 22, 1979. The workmen's compensation referee found that the partial disability resulting from this accident had ceased on July 31, 1980. The employee had an accident previous to August 22, 1979 to his back and subsequent accidents in April 1980 and March 1984. Thus, the plaintiff was attempting to relitigate a finding that he was no longer disabled after a particular date. The collateral estoppel discussion centered around plaintiff's contention that the issue of disability had not been adequately and fully litigated because the workmen's compensation referee had no knowledge of his subsequent medical treatment. All *Shaffer* really stands for is that under certain conditions a determination by workmen's compensation authorities can work a collateral estoppel. However, each

case has to be examined on its particular facts as to the precise issue before the compensation authorities and the scope of their determination.

Defendant, Mack Truck Inc. has also asked for summary judgment with respect to count 3 of plaintiffs' complaint which alleges breach of express and implied warranties on the basis that such claims are barred by the statute of limitations which requires that such actions be brought within four years after the cause of action accrues.[*]

It was held in *Patton v. Mack Truck Inc.*, 360 Pa. Super. 1, 519 A.2d 959 (1986), allocatur denied 531 A.2d 430, that causes of action for breach of warranties accrue when the seller delivers the alleged defective vehicle and not when the accident that injures the plaintiff occurs. See also 13 Pa.C.S. §2725(b).

Is there thus a factual issue for the injury as to when the truck was defective? Defendant Mack Truck addressed to the plaintiff a request for admissions as follows:

"Do you admit that the tender of delivery to Wilson Freight Co. of the Mack Truck Inc. vehicle referred to in your complaint occurred more than four years prior to the filing of the suit hereto?"

Plaintiffs answered:

"Denied. Plaintiff does not know if the vehicle which Donald Camara was riding in was tendered to Wilson Freight by Mack Inc. more than four years prior to the filing of the suit. After reasonable inquiry by the plaintiff, the information available is still insufficient to enable him to admit or deny."

In addition, Mack Truck Inc. has attached an affidavit from one Terence Grub, defendant's assistant general counsel, who states that upon informa-

---

[*] 13 Pa.C.S. §2725(a).

tion "true and correct to the best of his personal knowledge, information and belief" from a review of defendant's files, the vehicle was delivered to Wilson Freight on or about June 6, 1979. No documentation as seemingly required by Pa.R.C.P. 1035(a) was attached. This case is distinguishable from our decision in *Sullivan v. ICA Mortgage Corporation,* 108 Dauphin Rep. 247 (1988) where the affidavit was supported by documentary evidence.

Therefore, we are unable to conclude as a matter of law that defendant did tender delivery on June 6, 1979, more than four years prior to the accident date of March 26, 1984.

Accordingly, we enter the following

## ORDER

And now, February 15, 1989, the motion for partial summary judgment filed by defendants Mack Truck Inc., National Seating Co. Inc., and Commonwealth of Pennsylvania Department of Transportation are denied, as well as the motion for summary judgment on the warranty counts of plaintiffs' complaint filed by Mack Truck Inc.