## Kemmerer v. Jenkins

*Nicholas R. Sabatine III,* for plaintiff.
*William P. Leeson,* for defendant.

FREEDBERG, *J.,* May 12, 1989 — This matter is before the court for disposition of defendant's pretrial motion to preclude plaintiff from offering evidence of disability and financial losses subsequent to the date of a final receipt in a workmen's compensation proceeding initiated by plaintiff. The instant action is a personal-injury action initiated by plaintiff for money damages resulting from a vehicle collision. Defendant has raised, by new matter, the contention that plaintiff is barred from offering the aforementioned evidence by the doctrine of collateral estoppel.

It is undisputed that plaintiff obtained workmen's compensation from his employer, and that on November 15, 1985, plaintiff executed a final receipt. On October 5, 1987, plaintiff filed a petition to set

aside his final receipt. The matter was then heard by a workmen's compensation referee who issued a decision denying plaintiff's petition to set aside his final receipt. The referee found that there was no residual disability other than minimal subjective complaints and that Kemmerer's symptoms of 1987 could not be related causally to the accident in 1985.

Defendant cites *Shaffer v. Pullman Trailmobile*, 368 Pa. Super. 199, 533 A.2d 1023 (1987) in support of his contention that plaintiff is collaterally estopped by the final receipt and factfinding of the referee from asserting, in the instant litigation, a causal connection between the collision and any disability and economic losses subsequent to the date of the final receipt. *Shaffer* was a products-liability action in which an injured worker brought claim against a manufacturer of a chain which broke, causing injury. At the trial, the plaintiff claimed a permanent partial disability resulting from the accident. Previously, the Workmen's Compensation Appeal Board had denied plaintiff's claim for benefits arising from the accident and found that he was not disabled as a result thereof after July 31, 1980. Despite that decision, the court permitted evidence of disability subsequent to the July 31, 1980 date at the trial of the products-liability case. Judge Tamilia[*] wrote that defendant was correct in its argument that the workmen's compensation determination that plaintiff was no longer disabled after July 31, 1980, could have worked a collateral estoppel on the identical issue in the subsequent trial if the issue had been

---

[*] One judge concurred in the result and another concurred but declined to join in the discussion of collateral estoppel because it had not been properly raised in new matter.

486

properly preserved. Collateral estoppel requires that (1) the party against whom the estoppel is asserted be the same; (2) the issue be identical; (3) the previous judgment be final on the merits; and (4) the party had a full and fair chance to litigate on the merits. *Shaffer, supra.* See also *Kovalenko v. Call-Chronicle Newspapers Inc.*, 49 D.&C. 3d 125 (1988).

A review of the workmen's compensation decision relied on by defendant reveals that the employer called no witnesses but offered as an exhibit a doctor's report submitted by a physician retained by the workmen's compensation insurance carrier to examine plaintiff. The admission of such medical reports is permissible pursuant to a provision of the Workmen's Compensation Act, 77 P.S. §835. In express reliance on the report, the workmen's compensation referee denied plaintiff's petition. Plaintiff's counsel had no opportunity to cross-examine the physician because of the provision of the Workmen's Compensation Act which makes medical reports admissible in certain proceedings. While the legislature has determined that such a procedure is appropriate in the context of a workmen's compensation proceeding, clearly the report would not be admissible in the instant personal-injury litigation. Thus, we are unwilling to find that plaintiff should be collaterally estopped in the instant case because plaintiff did not have a "full and fair opportunity to litigate the issue" of the extent of his disability. He was not afforded the right of cross-examination of the physician whose report formed the basis of the workmen's compensation referee's decision. We decline to attribute collateral-estoppel effect to a fundamental right of cross-examination. Collateral estoppel does not apply to proceedings where unique

evidentiary rules preclude "a full and fair opportunity to litigate the issue." See *Standefer v. United States*, 477 U.S. 10, 64 L.Ed 2d 689, 100 S.Ct. 1999 (1980).

Wherefore, we enter the following

## ORDER OF COURT

And now, May 12, 1989, defendant's motion in limine is denied.