J-A27038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| VIRGINIA HUMPHREYS AND BRIAN HUMPHREYS | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| WELLS FARGO BANK N.A. | |
| APPEAL OF: BRIAN HUMPHREYS | No. 2786 EDA 2015 |

Appeal from the Order Entered August 13, 2015
in the Court of Common Pleas of Northampton County Civil Division
at No(s): C-48-CV-2014-12252

| | |
|---|---|
| WELLS FARGO BANK N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| VIRGINIA L. HUMPHREYS AND BRIAN C. HUMPHREYS | |
| APPEAL OF: BRIAN HUMPHREYS | No. 2787 EDA 2015 |

Appeal from the Order Entered August 13, 2015
in the Court of Common Pleas of Northampton County Civil Division
at No(s): C-48-CV-2011-3134

BEFORE: PANELLA, LAZARUS, FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:          **FILED JANUARY 25, 2017**

*Pro se* Appellant, Brian Humphreys, appeals from two separate orders entered in the Northampton County Court of Common Pleas respectively granting summary judgment in favor of Appellee, Wells Fargo Bank, in a

---

[*] Former Justice specially assigned to the Superior Court.

foreclosure action and dismissing Appellant's second amended complaint against Appellee in a quiet title action.[1]  Appellant contends, in this consolidated appeal, that Appellee was not the proper "note holder" in connection with the mortgage at issue and therefore did not have the authority to pursue a foreclosure action against him.  We affirm.

We adopt the facts and procedural history set forth in the trial court's opinion.  **See** Trial Ct. Op., 3/31/16, at 1-4.  On April 6, 2011, Appellee[2] filed a mortgage foreclosure action ("foreclosure action") against the parties because Appellee had not received the required monthly payments after November 2010.  On August 25, 2011, the parties filed an answer consisting of general denials and three paragraphs of affirmative defenses.  Thereafter, on October 17, 2011, the parties filed a motion for summary judgment, which the trial court denied on December 7, 2011.  Appellee filed its own motion for summary judgment on April 27, 2015, which the trial court granted via an order and opinion dated August 13, 2015 ("Foreclosure Opinion").  Appellant filed a timely notice of appeal on September 10, 2015 and a court-ordered Pa.R.A.P. 1925(b) statement on October 1, 2015.  The

---

[1] Initially, Appellant and his Mother, Virginia L. Humphreys (collectively the "parties") were jointly involved in both actions in this consolidated case. After Virginia Humphreys passed away in March 2015, Appellant continued to pursue this appeal individually.

[2] We note that Appellee is the successor in interest, by way of merger, to Wachovia Bank.

trial court filed a responsive Pa.R.A.P. 1925(a) statement, referencing the court's Foreclosure Opinion.

Meanwhile, on December 30, 2014, the parties initiated a quiet title action against Appellee regarding the same property that is the subject of the foreclosure action. Appellee filed timely preliminary objections, and the parties filed an amended complaint on February 9, 2015. Appellee filed additional preliminary objections on March 2, 2015, and the parties filed a second amended complaint. On April 8, 2015, Appellee filed preliminary objections in response to the second amended complaint. After the trial court conducted oral argument on May 26, 2015, the court ultimately sustained Appellee's objections and dismissed the parties' second amended complaint by order and opinion, also dated August 13, 2015 ("Quiet Title Opinion"). Appellant filed a timely notice of appeal on September 10, 2015 and a court-ordered Pa.R.A.P. 1925(b) statement on October 1, 2015. The trial court filed a responsive Pa.R.A.P. 1925(a) statement, referencing the court's Quiet Title Opinion.

On November 9, 2015, this Court consolidated the two above-referenced appeals. Appellant filed a single brief incorporating his issues regarding both cases.

Appellant raises the following issues for our review:

> On its own accord, should the Court have claimed that the argument put forth in **PHH Mortgage Corp. v. Powell**, 100 A.3d 611, 619 (Pa. Super. 2014), was "indistinguishable" from that presented in the instant case?

> The Appellant's 2011 Answer to Wells Fargo's Foreclosure Complaint contained general denials; most of which were argued in great detail in later pleadings. Did the Court unjustly presume that [Appellant's] Answer was dishonest?

Appellant's Brief at 3-4.[3]

The crux of Appellant's issues is his contention that Appellee was not legally permitted to pursue a foreclosure action against him because Appellee was not the legal "note holder" in connection with the mortgage at issue. No relief is due.

Regarding summary judgment, our review is guided by the following principles:

> The standards which govern summary judgment are well settled. When a party seeks summary judgment, a court shall enter judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense that could be established by additional discovery. A motion for summary judgment is based on an evidentiary record that entitles the moving party to a

---

[3] Appellant initially raised seventeen issues. Appellant's Brief at 2-9. However, in his reply brief, Appellant indicated his intention to abandon all but two issues for purposes of appellate review. Appellant's Reply Brief at 1. As set forth by Appellant, his "core issues" are encapsulated within his two remaining issues. *Id*. We note that on December 14, 2015, Appellee filed a motion to quash Appellant's appeal based upon the many "material" defects within Appellant's Brief. We note that Appellant's *pro se* arguments are difficult to discern. We remind Appellant that his *pro se* status does not relieve him of his obligation to raise and develop his appellate claims properly and this court will not act as appellate counsel. **Smathers v. Smathers**, 670 A.2d 1159, 1160 (Pa. Super. 1996). However, Appellant's brief does provide argument and citation to legal authority regarding his two remaining issues. **See** Pa.R.A.P. 2119. Therefore, we decline to quash his appeal.

judgment as a matter of law. In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion. . . .

**Varner-Mort v. Kapfhammer**, 109 A.3d 244, 246-47 (Pa. Super. 2015) (citation omitted).

This Court's standard of review of orders sustaining preliminary objections in the nature of a demurrer is well-settled:

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or dismissal of suit, preliminary objections will be sustained only where the case is free and clear of doubt.

**Donaldson v. Davidson Bros., Inc.**, 144 A.3d 93, 100 (Pa. Super. 2016) (citation omitted). The trial court's decision to grant or deny a demurrer involves a matter of law; therefore, "our scope of review is plenary, allowing us to review the whole record." **Mistick, Inc. v. Northwestern Nat. Cas. Co.**, 806 A.2d 39, 42 (Pa. Super. 2002) (citation omitted).

Integral to this case is the legal precept that "[o]wnership of [a] Note is irrelevant to the determination of whether [an entity] is entitled to enforce the Note." **PHH Mort. Corp. v. Powell**, 100 A.3d 611, 621 (Pa. Super. 2014) (quotation marks and citation omitted) (holding that holder of promissory note had standing to enforce the attendant mortgage regardless of petitioner's claim that another entity, Fannie Mae, owned the note).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinions of the Honorable Anthony S. Beltrami, we conclude Appellant's issues merit no relief. The trial court's opinions comprehensively discuss and properly dispose of the questions presented. **See** Foreclosure Opinion at 6-14; Quiet Title Opinion at 3-6; (finding that Appellee had proper standing to pursue a foreclosure action against Appellant and, accordingly, Appellant's quiet title action was legally insufficient). Accordingly, we affirm on the basis of the trial court's opinions.

Orders affirmed. Motion to quash denied.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2017

- 6 -

IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION

VIRGINIA L. HUMPHREYS and ）
BRIAN C. HUMPHREYS, ） No. C-48-CV-2014-12252
　Plaintiffs ）
 ）
　　　v. ）
 ）
WELLS FARGO BANK, N.A., ）
　Defendant ）

## OPINION OF THE COURT

This matter is before the Court on "Defendant's Preliminary Objections to Plaintiffs' Second Amended Complaint." Plaintiffs initiated this action to quiet title against Defendant by filing a Complaint on December 30, 2014. The Complaint was met with "Defendant's Preliminary Objections to Plaintiff's Complaint," which were filed on January 20, 2015. Rather than respond to those objections, Plaintiffs filed an Amended Complaint on February 9, 2015. Defendant filed Preliminary Objections to the Amended Complaint on March 2, 2015. Again, rather than rebut the objections,

1

Plaintiffs filed a Second Amended Complaint on March 19, 2015.[1] On April 8, 2015, Defendant filed the instant Preliminary Objections. On April 28, 2015, Defendant filed a Brief in support of its Preliminary Objections. On May 20, 2015, Plaintiffs filed a Brief in opposition to the same. Oral argument was heard on May 26, 2015, and the matter is now ready for disposition.

Defendant's first objection is a demurrer in which Defendant argues that Plaintiffs' Second Amended Complaint fails to state a valid action to quiet title. In the Second Amended Complaint, Plaintiffs aver that Plaintiff Virginia L. Humphreys owned real estate located at 2253 Linden Street, in Bethlehem, Northampton County, Pennsylvania (the "Property"). (Second Am. Compl. ¶ 2.) Plaintiffs further aver that although "Defendant claims a lien against said [P]roperty adverse to Plaintiff[s,] Defendant's claim is without any right whatsoever, and Defendant has no estate, right, title, lien, or interest whatsoever in or to said [P]roperty." (*Id.* ¶ 3.) Plaintiffs allege that Defendant's claimed interest in the Property is based on two mortgages executed by Plaintiffs on April 16, 2007. (*Id.* ¶ 4.) Plaintiffs go on to aver, in their own pleading, that the first mortgage was recorded on May 8, 2007, in the Northampton County Recorder of Deeds Office at Book 2007-1, page 170260 and that the second mortgage was recorded on the same date in the same book at page 170279. (*Id.* ¶ 4(a)-(b).) Plaintiffs then claim that the

---

[1] The Second Amended Complaint states that Plaintiff Virginia L. Humphreys passed away on March 6, 2015. (Second Am. Compl. at 1.) The Court will continue to refer to "Plaintiffs" in the plural, in accordance with the caption.

2

mortgages are invalid because "Defendant transferred its enforcement rights to others . . . and has since acted only in the capacity of servicer of the" mortgage accounts. (*Id.* ¶ 5.) In their Second Amended Complaint, Plaintiffs attempt to establish an action to quiet title by alleging that "Defendant is in a position neither to perform its eventual obligation to clear the Plaintiff's title to her property, nor to enforce the applicable mortgages." (*Id.* at 1-2.) The Second Amended Complaint spans thirty pages and suggests myriad reasons why, in Plaintiffs' opinion, Defendant is not the proper entity to enforce the aforementioned mortgages.

The question presented by a demurrer is whether, on the facts pleaded, the law says, with certainty, that no recovery is possible. *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1021 n.7 (Pa. Commw. 2014). The Court must resolve a demurrer solely on the basis of the pleadings, without reference to testimony or other outside evidence. *Hill v. Ofalt*, 85 A.3d 540, 546 (Pa. Super. 2014). However, in a case such as this, the Court can take judicial notice of public documents, such as recorded mortgages, when ruling on a demurrer. *See Solomon v. U.S. Healthcare Sys. of Pa., Inc.*, 797 A.2d 346, 352 (Pa. Super. 2002). When considering a demurrer, the Court must accept, as true, all material facts averred in the challenged pleading, as well as all inferences that can be reasonably deduced therefrom. *Schemberg v. Smicherko*, 85 A.3d 1071, 1073 (Pa. Super. 2014).

3

> Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id.*

An action to quiet title may be brought, *inter alia,* "to determine any right, lien, title or interest in the land or determine the validity or discharge of any document, obligation or deed affecting any right, lien, title or interest in land" or "to compel an adverse party to file, record, cancel, surrender or satisfy of record, or admit the validity, invalidity or discharge of, any document, obligation or deed affecting any right, lien, title or interest in land." Pa.R.C.P. No. 1061(b)(2)-(3). "The purpose of an action to quiet title is to resolve a conflict over an interest in property." *Nat'l Christian Conference Ctr. v. Schuylkill Twp.*, 597 A.2d 248, 250 (Pa. Commw. 1991). "In Pennsylvania[,] a mortgage duly executed will be presumed to be valid until the contrary is shown, and the burden is on the party attacking the mortgage to prove its invalidity." *Pitti v. Pocono Bus. Furniture, Inc.*, 859 A.2d 523, 526 n.3 (Pa. Commw. 2004). A mortgage is valid, on its face, if it clearly states that it is a mortgage, describes the property to be mortgaged, is signed by the mortgagor, is notarized, and is duly recorded within six months of execution. *See In re Berry*, 11 B.R. 886, 891 (W.D. Pa. 1981); 21 P.S. § 621.

4

In their Second Amended Complaint, Plaintiffs specifically identify the two mortgages that were executed in Defendant's favor, and Defendant has attached copies of the same to its Preliminary Objections. (Second Am. Compl. ¶ 4(a)-(b); Prelim. Objections Exs. E, G.) The mortgages were originally executed in favor of Wachovia Bank, National Association, to which Defendant is the successor in interest by way of merger, a succession Plaintiffs concede. (Second Am. Compl. ¶ 8; Prelim. Objections Exs. E, G, H.) Upon inspection, the mortgages are plainly valid, as they clearly state that they are mortgages, describe the Property mortgaged, bear Plaintiffs' signatures, which are notarized, and were duly recorded within six months of execution in a manner consistent with that described in the Second Amended Complaint. Moreover, there are no facts pleaded in the Second Amended Complaint that can be fairly characterized as an attack on the validity of the mortgages. In fact, Plaintiffs do not really dispute the validity of the mortgages. Rather, Plaintiffs' allegations primarily concern Defendant's purported lack of authority and/or standing to enforce the mortgages. For a discussion of why this argument has no merit, see *Wells Fargo Bank, N.A. s/i/i/t/ Wachovia Bank v. Humphreys*, No. C-48-CV-2011-3134, slip op. (C.P. of Northampton Cnty. Aug. *, 2015), an opinion that is being filed contemporaneously with this Opinion and that grants summary judgment in the related mortgage foreclosure action involving the same parties and the first mortgage described above.

5

Because Plaintiffs have pleaded no facts to rebut the presumptively valid mortgages, the Second Amended Complaint creates no "conflict over an interest in property." *Nat'l Christian*, 597 A.2d at 250. Thus, the action to quiet title is legally insufficient, and Defendant's demurrer will be sustained.[2] Finally, because the Court cannot discern any way in which an additional pleading in this matter will vault Plaintiff's purported claims into a place of legal sufficiency, and in light of the Court's opinion granting summary judgment in the related mortgage foreclosure action, the Court will dismiss Plaintiffs' Second Amended Complaint with prejudice and will not grant leave to file any further amended complaints.[3] *See Hill*, 85 A.3d at 557 (leave to amend following sustaining of demurrer may be refused where there is no reasonable probability that amendment will cure defect).

WHEREFORE, the Court enters the following:

---

[2] For this reason, the Court need not reach Defendant's second objection asserting the pendency of a prior action.

[3] It should be noted that Plaintiffs filed an almost identical action at docket number C-48-CV-2014-1703. In an Order filed on October 22, 2014, in response to preliminary objections, the Honorable Stephen G. Baratta, President Judge, dismissed Plaintiffs' Complaint without prejudice. Plaintiffs did not file an amended complaint within twenty days in that action, as required by Pennsylvania Rule of Civil Procedure 1028(e). Rather, Plaintiffs filed the instant action. Thus, Plaintiffs may not file an amended complaint at either docket number.

6

## IN THE COURT OF COMMON PLEAS OF
## NORTHAMPTON COUNTY, PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| **VIRGINIA L. HUMPHREYS and** | ) | |
| **BRIAN C. HUMPHREYS,** | ) | **No. C-48-CV-2014-12252** |
| **Plaintiffs** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| **Defendant** | ) | |

### ORDER OF COURT

AND NOW, this 13th day of August, 2015, "Defendant's Preliminary Objections to Plaintiffs' Second Amended Complaint," filed on April 8, 2015, are hereby **SUSTAINED**. Plaintiffs' Second Amended Complaint, filed on March 19, 2015, is hereby **DISMISSED**, with prejudice.

BY THE COURT:

_____
J.

1

**IN THE COURT OF COMMON PLEAS OF
NORTHAMPTON COUNTY, PENNSYLVANIA
CIVIL ACTION**

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. s/i/i/t/ | ) | |
| WACHOVIA BANK, N.A., | ) | No. C-48-CV-2011-3134 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN C. HUMPHREYS and | ) | |
| VIRGINIA L. HUMPHREYS, | ) | |
| Defendants | ) | |

## OPINION OF THE COURT

This matter is before the Court on Plaintiff's Motion for Summary Judgment. Briefs have been filed, oral argument was heard on May 26, 2015, and the matter is ready for disposition. For the reasons that follow, Plaintiff's Motion will be granted.

On April 6, 2011, Plaintiff filed a Mortgage Foreclosure Complaint that alleges the following facts. On April 16, 2007, Defendants executed and delivered a mortgage ("Mortgage") to Wachovia Bank, N.A.[1] on property located at 2253 Linden Street, in Bethlehem, Northampton County,

---

[1] As discussed *infra*, Wachovia Bank, N.A. merged into Plaintiff and no longer exists.

1

Pennsylvania. (Compl. ¶¶ 4-5, Ex. A.) The Mortgage is recorded in the Office of the Recorder of Deeds for Northampton County at Deed Book 2007-1, Page 170260. (*Id.* ¶ 4.) The Complaint alleges that the Mortgage is in default because, beginning on November 15, 2010, Defendants have failed to make the required monthly payments. (*Id.* ¶ 6.) The Complaint avers that Defendants owe $102,042.64 under the terms of the Mortgage, including principal, interest, attorney's fees, late charges, and costs. (*Id.* ¶ 7.)

On August 25, 2011, Defendants filed a "Notice of Verified Answer and Verified Answer" ("Answer"). Defendants' Answer consists of general denials to the allegations in Plaintiff's Complaint and contains, under the heading "Affirmative Defenses," three paragraphs purporting to assert recoupment, unjust enrichment, and fraud, as affirmative defenses.[2] (Answer at 2.) On December 6, 2011, Plaintiff filed a reply to the purported affirmative defenses asserted in Defendant's Answer, essentially denying all allegations contained therein as conclusions of law.

On October 17, 2011, Defendants filed a "Notice of Motion and Motion for Summary Judgment, Rule 1035.2(a)." Plaintiff filed a Response to

---

[2] On the same date, Defendants filed an "Affidavit of Defendant Virginia L. Humphreys," which states that Defendant Virginia L. Humphreys did not execute the Mortgage and does not owe Plaintiff any money. However, the affidavit was not executed by Virginia L. Humphreys. Rather, it was signed by "Brian C. Humphreys, affiant." On the same date, Defendants also filed an "Affidavit of Defendant Brian C. Humphreys," which states that Defendant Brian C. Humphreys did not execute the Mortgage and does not owe Plaintiff any money. However, the affidavit was not executed by Brian C. Humphreys in his individual capacity. Rather, it was signed by "Brian C. Humphreys, P.O.A. for Virginia L. Humphreys, Affiant." In any event, the Mortgage was signed by Defendants and is notarized. (Pl.'s Mot. for Summ. J., Ex. B.)

2

Defendants' Motion for Summary Judgment on November 25, 2011. In an Order of Court with Statement of Reasons filed on December 7, 2011, the undersigned denied Defendants' Motion for Summary Judgment, without prejudice.

Plaintiff filed their instant Motion for Summary Judgment ("Motion") on April 27, 2015. On May 20, 2015, Defendants filed a Response to Plaintiff's Motion ("Response"). Attached to Plaintiff's Motion, as Exhibit A, is a copy of the promissory note ("Note") that Defendants signed simultaneously with the execution of the Mortgage. In the Note, Defendants promise to repay the debt secured by the Mortgage and agree that "[t]he Lender or anyone who takes [the] Note and who is entitled to receive payments under [the] Note will be called the 'Note Holder.'" (Mot. ¶ 2, Ex. A at 1.) Plaintiff is in possession of the original Note, which passed to it as a result of the merger of Wachovia Bank, N.A. into Plaintiff. (Mot. ¶¶ 5-6.) Also attached to Plaintiff's Motion, as Exhibit F, is Plaintiff's Affidavit in Support of its Motion ("Plaintiff's Affidavit"), wherein Plaintiff's Vice President of Loan Documentation, Stephanie Casarez, states that Plaintiff is in possession of the Note, that Defendants' Mortgage is in default as of November 15, 2010, and that Defendants have failed to cure the default. (*Id.* ¶ 14, Ex. F.)

3

Defendants,[3] in their Response, include their own "Statement of Facts," in which they admit that they executed the Mortgage.[4] (Resp., Statement of Facts ¶¶ 1, 9.) Defendants further admit that they stopped making payments on the Mortgage after October 15, 2010. (*Id.* ¶ 8.) However, Defendants raise concerns about the relationship between the Note and Mortgage and the Federal National Mortgage Association ("Fannie Mae"). Defendants claim that Plaintiff has informed them via telephone that the Mortgage has been "transferred" to Fannie Mae. (*See id.* ¶¶ 5-6.) Defendants also claim that they are "in receipt of a letter, dated October 9, 2012, from [Fannie Mae] stating that [Fannie Mae] now owns the mortgage." (*Id.* ¶ 14.)

Defendants' Response also includes a section entitled "Factual Allegations." However, upon further review, this section is actually identical to Defendants' Brief. Nevertheless, Defendants concede therein that "[s]uccession of [Defendants'] Note from Wachovia Bank, N.A. (Wachovia) to [Plaintiff] is not an issue in this case." (Resp., Factual Allegations ¶ 1.) In addition, Defendants assert that an "Experian credit report Exhibited in the Complaint is intended to offer evidence that [Plaintiff] transferred

---

[3] Throughout their Response, Defendants often mislabel themselves as "the Plaintiffs." This is likely due to Defendants' status as the plaintiffs in *Humphreys v. Wells Fargo Bank, N.A.*, an action to quiet title docketed in Northampton County at No. C-48-CV-2014-12252 (the "Action to Quiet Title"). An Opinion and Order are being filed in that case contemporaneously with the filing of the instant Opinion.
[4] Although the Response includes a "Statement of Facts," it does not contain a verification or notice to plead.

4

[Defendants'] Equity Account to another lender, and no-longer holds the Account." (*Id.* ¶ 2.)

Neither the letter from Fannie Mae informing Defendants that Fannie Mae owns the Mortgage nor the Experian credit report appear in the instant record, but they are attached to Defendants' Second Amended Complaint in the Action to Quiet Title. "[A] court may not ordinarily take judicial notice in one case of the records of another case." *Gulentz v. Schanno Transp., Inc.*, 513 A.2d 440, 443 (Pa. Super. 1986). Nevertheless, even if the Court could consider these materials, they would not be helpful to Defendants in opposing summary judgment.

The letter from Fannie Mae, which is attached to the Second Amended Complaint in the Action to Quiet Title as Exhibit E, does confirm that Fannie Mae owns/invests in the Mortgage and that Plaintiff is the servicer. However, as will be discussed in greater detail *infra*, this does nothing to inhibit Plaintiff's ability to enforce the Mortgage through foreclosure proceedings. As for the Experian credit report, which is attached to the Second Amended Complaint in the Action to Quiet Title as Exhibit G, Defendants contend that said report indicates that Plaintiff "reported to Experian that it had transferred the Account, making it obvious, if correct, that [Plaintiff] is not in a position to litigate over the Account, which they apparently admittedly no-longer own." (Resp. Factual Allegations ¶ 2.) Again, Defendants conflate the concepts of ownership of the Mortgage and

5

the right to enforce the same through foreclosure, a distinction that, as will be shown *infra*, is fatal to Defendants' argument.

Pennsylvania Rule of Civil Procedure 1035.2 establishes the standard of review for a motion for summary judgment as follows:

> After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law
>
> (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or
>
> (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. No. 1035.2. These two prongs represent the

> two main avenues per which summary relief may be granted. Employing the first of these, a movant may rely on uncontroverted facts, and/or allow that the factual allegations made by the non-moving party could be true, while contending that, even accepting such facts, judgment should be rendered for the movant as a matter of law. *See* Pa.R.C.P. No. 1035.2(1). Alternatively, after discovery, a party may challenge the ability of the non-moving party to adduce evidence of facts material to establishing a claim or defense. *See id.* No. 1035.2(2).

*Lance v. Wyeth*, 85 A.3d 434, 449-450 (Pa. 2014).

Under either avenue, summary judgment may only be granted when the record clearly shows that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Summers v.*

6

*Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). The moving party bears the burden of proving that no genuine issue of material fact exists. *Barnish v. KWI Bldg. Co.*, 916 A.2d 642, 645 (Pa. Super. 2007). In deciding a motion for summary judgment, the record must be viewed in the light most favorable to the non-moving party, and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Ario v. Ingram Micro, Inc.*, 965 A.2d 1194, 1200 (Pa. 2009). Even where the facts are agreed upon, summary judgment cannot be entered if the facts can support conflicting inferences. *Washington v. Baxter*, 719 A.2d 733, 740 n.10 (Pa. 1998).

The party opposing a motion for summary judgment

may not rest upon the mere allegations or denials of the pleadings but must file a response within thirty days after service of the motion identifying

(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion, or

(2) evidence in the record establishing the facts essential to the cause of action or defense which the motion cites as not having been produced.

Pa.R.C.P. No. 1035.3(a)(1)-(2). In other words, the "[f]ailure of a non-moving party to adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict in its favor establishes the entitlement of the moving party to

7

judgment as a matter of law." *Young v. Commonwealth, Dep't of Transp.*, 744 A.2d 1276, 1277 (Pa. 2000). In deciding a motion for summary judgment, the "record" available for the court's examination includes the pleadings, discovery materials, affidavits, and expert reports. Pa.R.C.P. No. 1035.1.

> In a mortgage foreclosure action, summary judgment is appropriate if the mortgagors "admit that the mortgage is in default, that they have failed to pay interest on the obligation, and that the recorded mortgage is in the specified amount." *Cunningham v. McWilliams*, 714 A.2d 1054, 1057 (Pa. Super. Ct. 1998) (citing *Landau v. W. Pa. Nat'l Bank*, 445 Pa. 217, 282 A.2d 335, 340 (Pa. 1971)). Summary judgment may be granted "even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." *Id.*

*U.S. Bank, Nat. Ass'n v. Zimmer*, No. 3:12–CV–644, 2015 WL 412389, at *2 (M.D. Pa. Jan. 30, 2015). In the instant case, Defendants admit these requisite elements, because the general denials contained in their Answer act as admissions to all of the relevant allegations in Plaintiff's Complaint.[5] As a result, there is no dispute that Defendants executed the Mortgage in favor of Wachovia Bank, to which Plaintiff is the successor in interest by way of merger, and that the Mortgage is in default. In addition to the deemed

---

[5] "Averments in a pleading to which a responsive pleading is required are admitted when not denied specifically or by necessary implication. A general denial or a demand for proof . . . shall have the effect of an admission." Pa.R.C.P. No. 1029(b). Generally speaking, "for a denial to be specific, it must deny what is averred and then must affirmatively aver what did occur in place of the facts that are denied." 5 STANDARD PENNSYLVANIA PRACTICE 2d § 26:41. General denials by mortgagors in a foreclosure action, "as to the principal and interest owing[,] must be considered an admission of those facts." *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995). In this case, Defendants' Answer simply states "the allegation . . . is denied" in response to each relevant averment contained in Plaintiff's Complaint. (Answer ¶¶ 5-11.) Thus, paragraphs five through eleven of Plaintiff's Complaint are deemed admitted.

8

admissions, Defendants affirmatively admit the relevant allegations of Plaintiff in their Response. (Resp., Statement of Facts ¶¶ 1, 8, 9.) Despite this, Defendants oppose the entry of summary judgment on a ground that is quickly becoming a tired one in this Commonwealth—that Plaintiff is not entitled to enforce the Mortgage and/or is not the real party in interest.

To begin with, this argument is, in essence, a claim that Plaintiff lacks the capacity to sue. "[P]reliminary objections [are] the appropriate method by which to challenge a [plaintiff's] capacity to sue." *In re Adoption of S.P.T.*, 783 A.2d 779, 782 (Pa. Super. 2001); Pa.R.C.P. No. 1028(a)(5). "Lack of capacity to sue is waived if not raised on preliminary objections." *Carroll v. Exeter Twp.*, No. 1580 C.D.2013, 2014 WL 3812323, at *6 n.18 (Pa. Commw. Aug. 4, 2014). Defendants did not file preliminary objections. Thus, Defendants have waived this argument.

Even if this argument had not been waived, it is without merit. Initially, the Court notes that there are no facts pleaded in Defendants' response to Plaintiff's Complaint to support this argument. Further, Defendants have adduced no *evidence* in response to Plaintiff's Motion to support this argument. Rather, Defendants reply upon bald assertions in their unverified Response to the Motion and documents contained in the record of the Action to Quiet Title which suggest that Fannie Mae has invested in or owns the Note. As noted above, a party opposing a motion for summary judgment may not rest upon the mere allegations or denials of

9

the pleadings, nor the record in a collateral case, but must identify evidence in the record which establishes an issue of material fact or supports a valid defense. Defendants have done neither.

Finally, even if the Court accepted Defendants' bald assertions as true and substantively considered the record in the Action to Quiet Title, Defendants' argument lacks merit. Defendants' argument is focused on an allegation that Fannie Mae is the true owner of the Note and, thus, must be the one to enforce it. However, a similar argument was recently rejected by the Superior Court. In *PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 619 (Pa. Super. 2014), the appellant mortgagors "insist[ed] that the document in [the appellee mortgage company]'s possession [could not] be the original Note because they ha[d] presented evidence that the original Note must instead [have] be[en] in the possession of Fannie Mae." A recitation of the court's response to this argument is necessary and is as follows:

> The Powells' claim that PHH does not possess the original Note and Allonge is based solely on their insistence that the documents in PHH's possession *cannot* be the originals because they produced evidence showing that Fannie Mae possesses the originals. Specifically, the Powells attached to their response to PHH's second motion for summary judgment an affidavit from Mary Gutowski ("Gutowski"), in which she represents that she has expertise in searching for, obtaining, and understanding business and corporate records. According to Gutowski, two documents (one obtained from the office of Congressman Mike Kelly and another from a search of a Fannie Mae database) describe Fannie Mae as the "investor" and "owner" of the Powells' loan. Gutowski concludes that these documents call into question PHH's "claim of ownership" of the Powells' Note.

PHH, however, does not claim to be the "owner" of the Note, but rather avers that it is a "person entitled to enforce" the Note because it is the holder in due course based upon its possession of the original Note and Allonge. Ownership of the Note is irrelevant to the determination of whether PHH is a "person entitled to enforce" the Note, as the Comment to section 3203 of the PUCC makes clear:

> The right to enforce an instrument and ownership of the instrument are two different concepts. A thief who steals a check payable to bearer becomes the holder of the check and a person entitled to enforce it, but does not become the owner of the check. . . . Ownership rights in instruments may be determined by principles of the law of property, independent of Article 3, which do not depend upon whether the instrument was transferred under Section 3-203. Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument. . . . Although [a] document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to enforce the instrument until Y obtains possession of the instrument.

13 Pa.C.S.A. § 3203 Comment.

In its Second Motion for Summary Judgment, including its affidavits and other exhibits (*e.g.*, the Note, Allonge, Mortgage, and Assignment), PHH has established as a matter of law that it is a holder in due course of the Powells' Note and thus is "entitled to enforce" it pursuant to section 3301 of the PUCC. *Evidence that some other entity may be the "owner" or an "investor" in the Note is not relevant to this determination, as the entity with the right to enforce the Note may well not be the entity entitled to receive the economic benefits from payments received thereon. The Powells have produced no evidence that creates a genuine issue of material fact with respect to PHH's claim of entitlement to enforce the Note, including no evidence that Fannie Mae (rather than PHH) has possession of the original Note.*

*Powell*, 100 A.3d at 620-21 (citations omitted) (emphasis added).

11

The *Powell* court went on to affirm the trial court's entry of summary judgment in favor of the appellee mortgage company. *Id.* at 621. Here, like the Powells, Defendants argue that "[t]he facts in the record prove that Wachovia transferred [Defendants'] Note to [Fannie Mae] before Wachovia's merger with [Plaintiff]." (Defs.' Br. at 4.) But the instant record does not reveal any evidence in support of that contention, and Defendants have produced none. Continuing on, Defendants argue that the proper parties to enforce the Note may well be the "investors who purchased shares of Fannie Mae." (*Id.* at 5.) In line with *Powell*, this argument is meritless. Defendants additionally argue, "The [Uniform Commercial] Code is clear: A person either owns the instrument, with all of its associated rights, or does not own the instrument, and has none of the associated rights." (*Id.* at 7.) Again, even assuming, *arguendo*, that Fannie Mae is the true *owner* of the Note/debt, *Powell* makes clear that the concepts of *ownership* and *enforcement rights* are wholly distinct. That is, an entity can enforce a mortgage debt without owning it, and vice versa. As Defendants' array of arguments and sub-arguments continue, they begin to trip themselves up by acknowledging that "there is nothing in the record to indicate that the Note was ever held by any singular entity other than [Plaintiff]." (*Id.* at 8.) Defendants are correct in at least that respect. The Note is payable to Plaintiff's predecessor by merger, as the original lender, and has not been assigned to another servicer as in *Powell*, making this an even stronger case

12

than *Powell* when it comes to any alleged claim that Fannie Mae must be the one to enforce the Note.

Quite simply, Plaintiff has attached a copy of the Note to its Motion, and the Note is clearly signed by Defendants. The fact that the section of the Note labeled "Endorsement" is completely blank is irrelevant because there is no evidence that anyone other than Plaintiff or its predecessor by merger ever held the Note. Furthermore, the Court sees no material difference between *Powell*, where the mortgagee produced the original note, and this case, where Plaintiff has produced a copy bearing Defendants' signatures and an affidavit stating that it possesses the original, especially when there are no issues in this case, as there were in *Powell*, concerning any assignments, transfers, or endorsements of payment rights to any entity other than the original lender. Keeping in mind that Defendants, in opposing a motion for summary judgment, bear the burden of coming forward with evidence that rebuts the evidence in support of Plaintiff's Motion, it is clear that the instant case is indistinguishable from *Powell*, as well as an ever-growing list of similar cases where mortgage debtors fail to deny the *prima facie* elements of a mortgage foreclosure action yet oppose the entry of judgment due to an allegedly faulty chain of possession of the pertinent mortgage documentation. *See Bank of America, N.A. v. Gibson*, 102 A.3d 462 (Pa. Super. 2014); *see also Jobe v. Wells Fargo Bank, N.A.*, Civil Action No. 3:10-1710 2014 WL 271654 (M.D. Pa. Jan. 23, 2014); *Nationstar*

*Mortgage LLC v. Masucci*, No. 201303627 2014 WL 7896604 (C.P. of Montgomery Cnty. Feb. 3, 2014); *BAC Home Loans Servicing, L.P. v. Viola*, No. 00101 2014 WL 786387 (C.P. of Phila. Cnty. Jan. 28, 2014). For all of the above reasons, even if the issue Defendants now raise had not been waived, it would not assist Defendants in demonstrating that Plaintiff is not entitled to judgment as a matter of law.

As all of the elements of Plaintiff's claim have been established, and since Defendants have not identified any genuine issue of material fact arising from evidence in the record, Plaintiff is entitled to judgment as a matter of law.

WHEREFORE, the Court enters the following:

14

## IN THE COURT OF COMMON PLEAS OF
## NORTHAMPTON COUNTY, PENNSYLVANIA
## CIVIL ACTION

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. s/i/i/t/<br>WACHOVIA BANK, N.A.,<br>Plaintiff | )<br>)<br>)<br>) | No. C-48-CV-2011-3134 |
| v. | )<br>)<br>) | |
| BRIAN C. HUMPHREYS and<br>VIRGINIA L. HUMPHREYS,<br>Defendants | )<br>)<br>)<br>) | |

### ORDER OF COURT

AND NOW, this 13th day of August, 2015, Plaintiff's Motion for Summary Judgment is hereby **GRANTED**. An *in rem* judgment is hereby entered in favor of Plaintiff and against Defendants in the amount of $137,770.28, plus costs and interest, at the per diem rate of $17.67, from December 8, 2014, and for foreclosure and sale of the mortgaged premises.

BY THE COURT:

_____
J.

1